FRANCISCO GRANDE, JR., v. THE STATE.

*No. 1210. Decided January 21st, 1897.*

1. **Receiving Stolen Property—Recent Possession and Reasonable Explanation—Charge.**

A charge upon recent possession of stolen property, with reasonable explanation by defendant, should be carefully framed, so as not to trench upon the weight of the testimony; and a proper charge upon this subject is laid down in Wheeler v. State, 34 Tex. Crim. Rep., 350; but, the necessity for such a charge is rare in cases for receiving and concealing stolen property.

**2. Same.**

On a trial for receiving stolen property, knowing it to have been stolen, it is error to charge on the doctrine of possession and explanation without charging in connection therewith, on "knowingly" receiving the same.

**3. Same.**

Where a defendant, found in possession of recently stolen property, gives no explanation of his possession, the court is not authorized to charge upon such a phase of case.

**4. Same—Purchase in Good Faith.**

On a trial for receiving stolen property, knowing it to have been stolen, where the only defense relied upon was a purchase of the property, a proper charge would be; if the jury believed that the defendant purchased the property in good faith, or had a reasonable doubt whether or not he so purchased it they would acquit him; and such a charge would be sufficient.

APPEAL from the District Court of Nueces.    Tried below before Hon. J. C. RUSSELL.

Appeal from a conviction for receiving, etc., stolen property, knowing the same to have been stolen; penalty, two years' imprisonment in the penitentiary.

The opinion states the case.

*McCampbell & Welch,* for appellant.—The court erred in a material manner, prejudicial to and in injury of the rights of the defendant, in failing to directly and plainly charge the jury on the phase of the defense of defendant pertinently presented by the evidence herein, of an open bona fide purchase of the property in question.    Parker v. State, 34 S. W. Rep., 266; Wheeler v. State, 34 Tex. Crim. Rep., 350; Bond v. State, 23 Tex. Crim. App., 180; Smith v. State (and authorities there cited), 24 Tex. Crim. App., 290; Irvine v. State, 20 Tex. Crim. App., 13, Jones v. State, 33 Tex. Crim. Rep., 495; Sowell v. State, 32 Tex. Crim. Rep., 497; James v. State, 32 Tex. Crim. Rep., 511; Bishop v. State, 43 Texas, 390.

The charge of the court given on recent possession of stolen property, is a charge on the weight of evidence; and is practically an instruction to the jury to convict the defendant on the mere finding that he was in possession of property recently stolen and his explanation thereof was untrue, unreasonable or inconsistent with his innocence. And all of the same was inapplicable to this case, under the facts in proof.    Texas Code Crim. Proc., 1895—Article; Wheeler v. State, 34 Tex. Crim. Rep., 350; Wilson v. State, 34 S. W. Rep., 284; Pollard v. State, 33 Texas Crim. Rep., 197; Scott v. State, 36 S. W. Rep., 276.

*Mann Trice,* Assistant Attorney-General, for the State.

[No brief found with the record.—Reporter.]

DAVIDSON, JUDGE.—Appellant was convicted of receiving stolen property knowing the same to have been stolen, and his punishment assessed at confinement in the penitentiary for a term of two years, and prosecutes this appeal.    The facts show that the property in question

(which was a gold watch) was stolen by one Manuel Herrera.    There was no controversy as to the theft.    One Joe Norris, testified that, "I was present when the defendant bought the watch in question from Manuel Herrera.    It took place at the barroom of the defendant, early in the night.    Herrera came into the bar, and the defendant was behind the counter.    Herrera said he wanted some money; that he had no money; that he had a watch, and wanted fifteen dollars for it.    The defendant told him that he had no money, and they talked some time.    In the end, defendant bought the watch, paid Herrera ten dollars for it in cash, and a small pistol which was taken at the value of four dollars, and one dollar was allowed in settlement of Herrera's indebtedness at defendant's bar.    I was present, and Catrino Garcia and the defendant and Manuel Herrera were also present.    The trade and delivery of the watch was open and without any concealment, and, when the defendant received the watch, he placed it on some glasses behind the bar, in plain, open sight."    Catrino Garcia testified to the same effect.    Atlee McCampbell testified to the theft of the watch, and that it was his watch, and his name was on the inside of the case, with an appropriate inscription, as a present from one Doddridge; that the watch was recovered by Niland, the city marshal of Corpus Christi; and that he received it from him.    Niland testified that after he arrested Herrera on suspicion that he was guilty of theft, and had him in jail, he went to the defendant, and said to him, "You know I have Herrera in jail, and he says that you have those watches; and I have come to tell you that, if you have them, you had better give them up, or you may get into trouble."    Defendant replied (after some general conversation about the watches, in which the names of the owners were mentioned), "Well, if I have a watch, and it is McCampbell's, and I have paid $15 for it, can I get my $15 back?"    Witness told him that he could.    Defendant replied, "Well," and then went into another room, back of the bar, and returned with a package tied up in paper, and asked, "Is that the watch?"    "I unwrapped it, and at once recognized it as Atlee McCampbell's watch, and took the watch, and delivered it to Atlee McCampbell."    That he afterwards paid defendant $15 for the watch, as promised by him.    This witness testified that he had previously told the defendant to be on the lookout for stolen property, as several watches had been stolen, and several other articles of value had been taken, from people's houses in town, but he did not remember to have told defendant to look out for McCampbell's watch.    This witness also testified to the character of defendant, and that it was good.    This is the substance of the testimony in the case.    Appellant assigns as error the charge of the court given on possession of the property, in connection with the doctrine of explanation.    The charge of the court on this point is as follows:    "You are instructed that, if you believe from the evidence in this case, that the property alleged to have been stolen was so stolen, and recently thereafter was found in the possession of the defendant, and that the defendant, when thus found in

possession of the same, gave an explanation of his said possession, which appears reasonable and probably true, and consistent with his innocence, then, before you would be warranted in finding a verdict of guilty in this case, you must be satisfied from the evidence, beyond a reasonable doubt, that the other testimony in the case establishes the falsity of the explanation so made by the defendant; and, if the State has failed to satisfy you that such explanation was false, then you will acquit the defendant." It has been held by this court, in a number of cases, that, where the facts of the case require a charge on recent possession, in connection with explanation, such a charge should be carefully framed, so as not to trench upon the weight of the testimony. A proper charge on this subject was laid down in Wheeler v. State, 34 Tex. Crim. Rep., 350. And we have held, a number of times, that a charge similar to the one given in this case, was upon the weight of the evidence, and improper. See, Pollard v. State, 33 Tex. Crim. Rep., 197; Scott v. State (Tex. Crim. App.), 36 S. W. Rep., 276; Hayes v. State, 36 Tex. Crim. Rep., 146. By recurring to the statement of facts, it will be seen that the defendant, when found in possession of the watch, gave no explanation as to how he came by the same; consequently, the court was not authorized to give a charge on this phase of the case at all. See, Moore v. State, 36 Tex. Crim. Rep., 88. There may be some cases, where a party is charged with receiving and concealing stolen property, knowing it to be stolen, in which the court would be authorized to give a proper charge on the doctrine of possession in connection with explanation, but the cases are of rare occurrence. In theft cases, frequently, possession cuts an important figure in the evidence regarding the theft, but ordinarily, in a case of receiving property, knowing it to be stolen, no issue is made as to the possession. In cases hinging mainly on the knowledge of the party acquiring the property, the gist of the offense is receiving and concealing the property with knowledge on the part of the receiver that it has been stolen. To charge on the doctrine of possession and explanation, without charging, in connection therewith, on knowingly receiving the same, would be error. The charge here given, in any case, even of theft, would be erroneous, as a charge upon the weight of the testimony. If the court had simply charged on the defense, presented by the evidence, to-wit: if the jury should believe that the defendant purchased the watch in question in good faith, or if they had a reasonable doubt whether or not he so purchased said watch, they would acquit him, this would have clearly presented his defense, and was the proper charge to be given in this case. See, Hayes v. State, 36 Tex. Crim. Rep., 146. In view of the weak character of the testimony in this case, the charge given was calculated to seriously injure the rights of the appellant, and the judgment is reversed, and the cause remanded.

*Reversed and Remanded.*