## WILL DOBBS v. THE STATE.

### No. 3.   Decided October 13, 1909.

**Theft—Charge of Court—Explanation—Recent Possession.**

Where, upon trial for theft, there was no evidence that defendant made any statement as to his possession of the property alleged to have been stolen, or

that such possession was challenged, the court erred in submitting a charge as-
suming that such explanation was made by the defendant, and under the par-
ticular facts of the case it was reversible error.

Appeal from the District Court of Mason.    Tried below before
the Hon. Clarence Martin.

Appeal from a conviction of misdemeanor theft; penalty, a fine
of $175 and eight hours confinement in the county jail.

The opinion states the case.

*Moursund, Moursund & Rowe,* for appellant.—Cited cases in the
opinion.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, Judge.—Appellant was charged in the District Court
of Mason County by indictment filed therein on the 7th day of
March, 1908, with burglary and theft, the substance of the charge
being that on the night of the 25th of February of that year he
entered the smokehouse of Dave Polk and stole therefrom certain
personal property—bacon and other hog meat of the value of fifty-
five dollars.   He was convicted of the crime of theft of the value
of less than fifty dollars and his punishment assessed at a fine of
one hundred and seventy-five dollars and eight hours confinement
in the county jail.

The facts show beyond dispute that on the night of the 25th
day of February of last year the smokehouse of Polk was entered
and a quantity of meat taken therefrom.   This meat was on the
next day discovered in the town of Brady, and we think the testi-
mony sufficiently identified it.   This case is largely circumstantial.
No one claims, or pretends, to have seen him at or near the place
of the theft.   As we think, the record contains but slight evidence
connecting him with the original taking, except insofar as this
fact is disclosed and discovered by his subsequent connection with
the meat.   That he sold this meat in Brady the next day to one
Charles Broad is shown beyond doubt and admitted.   Appellant
denies any connection with the unlawful acquisition of the meat or
any knowledge that same had been stolen and claims that he sold
it to Charles Broad for one Jim Pirtle.   The testimony of Broad
lends some support to his contention.   He says, among other things,
upon cross-examination, "As to whether he said anything when he
went out to indicate his purpose in going out, I think he says,
'wait until I see.'"   It is true that on redirect examination he
stated that he did not claim that the bacon belonged to some other
person than himself, but he says as well, "He did not make any
statement that it belonged to him."   Again he says, "To the best
of my knowledge Mr. Dobbs said on this occasion, 'I will have to

see him.'"  Appellant introduced considerable testimony tending to prove an alibi. This, however, does not seem to us to be as conclusive, as appellant's counsel contends. However, the issue was raised and there was much evidence in support of it.

The court gave in most respects an exceptionally good charge in the case, submitting both burglary and theft charging the law of principals, as well as the law on circumstantial evidence and alibi. Among other things, the court charged the jury as follows:

"If you believe from the evidence that the bacon and hog meat described in the indictment had been stolen from Dave Polk, and that recently thereafter the defendant was found in possession of the same, and when his possession was first questioned he made an explanation of how he came by it, and you believe that such explanation is reasonable and probably true, and accounted for defendant's possession in a manner consistent with his innocence, then you will consider such explanation as true, and acquit the defendant. If, on the contrary, you believe such explanation was unreasonable, and did not account for defendant's possession in a manner consistent with his innocence, or you believe same accounted for defendant's possession in a manner consistent with his innocence, but the State has shown the falsity thereof, then you will take the possession of the defendant, together with his explanation, in connection with all the other facts and circumstances, if any, in evidence, and if you believe defendant guilty beyond a reasonable doubt you will so find; otherwise you will acquit the defendant." The court, also, just preceding this paragraph of his charge, after a general definition of the law of principals, gave the following instruction: "In this case if you believe from the evidence beyond a reasonable doubt, that the defendant, either acting alone or with one Jim Pirtle, as a principal; as that term is defined to you in the above paragraphs of this charge, is guilty of the offense of burglary or of theft as charged in the indictment you will find him guilty of whatever offense the evidence warrants (if any at all) and assess the penalty in accordance with the rules prescribed in this charge.

"On the other hand, if you find that the defendant did not act with Jim Pirtle, as a principal in the commission of the offense charged in the indictment, or if you have a reasonable doubt as to his participation in the commission of the offense charged, with Jim Pirtle, then you are instructed that the defendant would not be guilty of any offense that you might find to have been committed by Jim Pirtle—if you find he committed any offense whatever." There was no evidence at all that appellant made any statement as to his possession of the property alleged to have been stolen; that such possession was challenged, or that the circumstances demanded or called on him for a statement, unless we may say he was called on to make a statement when offering the property for sale.

In this state of the record appellant urges that considered, especially in connection with the charge of the court on the law of principals, the first paragraph of the court's charge above quoted was erroneous, because (a) said charge was misleading and not warranted by the facts in the case, in that there was no evidence of any explanation at all having been made by the defendant when his possession of the alleged stolen property was first called in question; and said charge gave undue prominence to the fact of the defendant's possession of such property, and was calculated to cause the jury to believe that the fact of the defendant's possession of such property was alone sufficient to authorize them to convict him. (b) Because said charge was upon the weight of the evidence, and calculated to mislead the jury, in that it failed to define the character of possession necessary to be proven by the State in order to warrant the jury in considering the mere fact of possession as a circumstance in the case. (c) Said charge is further upon the weight of the evidence in this case, in that it is calculated to lead the jury to believe that evidence has been introduced by the State tending to show the falsity of the explanation made by the defendant on the witness stand, as to his possession of the alleged stolen property, there being no evidence that he made any explanation when his possession of said property was first called in question. We think, in substance, that the complaint of counsel is sustained, both in reason and on authority. This direct question was so decided in the case of Mayfield v. State, 23 Texas Crim. App., 645. In that case, where a similar charge had been given where there was no evidence on which to base same, Judge Wilson, speaking for the court, used this language: "It was error for the court to instruct the jury as it did in relation to explanations and declarations made by defendant in relation to his possession, etc., of the alleged stolen animal. There was no evidence to warrant such instruction. No such declarations or explanations were in evidence, and a charge should be confined to the facts in evidence." The principal rule in this case was in terms approved in the later case of Lynch v. State, 24 Texas Crim. App., 350, where, among other things, the court say: "However correct a principle of law may be in the abstract, it is error to give it in charge where there is a total want of evidence to support the phase of case to which it is applied." (Conn v. The State, 11 Texas Crim. App., 390.) "If the court assumes and charges on a theory not raised or indicated by the evidence, it is radical error and fatal to a conviction." (Ross v. State, 10 Texas Crim. App., 455; Taylor v. The State, 13 Texas Crim. App., 184; Hardin v. The State, 13 Texas Crim. App., 192; Stewart v. The State, 15 Texas Crim. App., 598; Boddy v. State, 14 Texas Crim. App., 528; Mayfield v. State, 23 Texas Crim. App., 645.) See also Robinson v. State, 22 Texas Crim. App., 690;

Lehman v. State, 18 Texas Crim. App., 174; Pollard v. State, 33 Texas Crim. Rep., 197. That the charge of the court was not demanded by the facts in this case, we think, is obvious. It is sometimes said that such a charge should be treated as harmless error, but in view of the peculiar facts of this case, it may be that such a charge was, indeed, calculated to lead the jury to believe that evidence had been introduced by the State tending to show the falsity of the explanation made by the defendant on the witness stand and that such a charge gave undue prominence to the fact of appellant's possession of such property. We suggest that on another trial the court instruct the jury in respect to the character of possession essential to be proven by the State in order to warrant the jury in considering the fact of such possession as a circumstance against appellant.

For the error pointed out, the judgment is reversed and the cause remanded for proceedings in accordance with the law.

*Reversed and remanded.*