## EMSY HANDY v. THE STATE.

### No. 3411.  Decided February 3, 1915.

**1.—Burglary—Recent Possession—Explanation.**

Where, upon trial of burglary, the record showed on appeal that defendant made no explanation of his possession of the alleged property recently stolen, but denied that he ever had such possession, the court should not have submitted a charge on explanation and recent possession.

**2.—Same—Rule Stated.**

It is error to charge on reasonable explanation when the defendant made no explanation of his possession, or when challenged as to the property, stated that he did not know anything about it.  Following Mayfield v. State, 23 Texas Crim. App., 645, and other cases.

3.—Same—Circumstantial Evidence—Possession.

Where, upon trial of .burglary, defendant made no explanation of his possession of the alleged stolen property, a charge on circumstantial evidence was all that was necessary, and a charge on explanation was error.

4.—Same—Evidence—Flight.

While it is permissible for the sheriff to state what efforts he made in trying to locate the defendant, he should not have been permitted to state that a third party told him to look out for the defendant.

Appeal from the District Court of Walker.    Tried below before the Hon. S. W. Dean.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Dean, Humprrey & Powell,* for appellant.

*C. E. Lane,* Assistant Attorney General, for the State.

HARPER, Judge.—Appellant was convicted of burglary, and his punishment assessed at two years confinement in the penitentiary.

It appears that about Christmas in 1912 a box car of the International & Great Northern Railway Company, on the sidetrack at Huntsville, was broken open and three pairs of shoes stolen therefrom.   The shoes were the property of L. M. Holman, and some days after the burglary and theft Sam Hunter carried a pair of shoes to Mr. Holman and de-·sired to exchange them for a larger pair of shoes—one was a 6½ and the other 7½.   Mr. Holman recognized the shoes as a portion of those stolen from the car and took possession of them.   Mr. Holman does not say that Sam Hunter made any explanation of his possession of the shoes at that time.   Sam Hunter testified and admitted he carried the shoes to Mr. Holman to exchange them for a larger pair, and on the trial of the case testified he got the shoes he carried to Mr. Holman from appellant.   He says that on Sunday before he carried the shoes to Mr. Holman he was at the home of appellant's mother, and appellant borrowed $2 from him on the shoes, and was to pay him back $2.10 on Tuesday, and if he did not do so, the shoes were to become his property.   That appellant did not pay him the $2.10 on Tuesday; that he tried the shoes on and as they would not fit him he carried the shoes to Mr. Holman to exchange them for a pair that would fit him; that appellant told him he bought the shoes from Mr. Holman.   It is by this witness and this witness alone that appellant is in anyway connected with the stolen shoes, or shown to have ever been in possession of them.   It will be noticed he states that when appellant pawned the shoes to him, appellant at that time told him he had bought the shoes from Mr. Holman. Appellant denies this, and denies that he was ever in possession of the pair of shoes carried by Sam Hunter to Mr. Holman.   But if appellant was in possession of that pair of shoes and pawned them to Sam Hunter, telling him at the time he had bought them from Mr. Holman, he at

that time was not charged with stealing the shoes. His possession of the shoes was not then challenged, and he was dealing with them openly as his property, for Sam Hunter says Kitty Handy, Abe Handy, Etta Bowden and Dink Bibbs were present. He not having been charged with theft, his possession not being questioned, even if he stated he bought the shoes from Mr. Holman, would this authorize the court to charge on recent possession of stolen property, and explanation of such possession?

It is shown by the record that after Mr. Holman had taken the shoes from Sam Hunter, defendant made no explanation of his possession of the shoes, if in fact they had been in his possession, but he at all times denied ever having been in the possession of the shoes carried by Sam Hunter to Mr. Holman. So instead of an admission of his possession, appellant's defense, when charged with the offense, was a denial of ever having been in possession of the property. In Branch's Crim. Law, sec. 796, it is stated that it is "error to charge on reasonable explanation when defendant made no explanation of his possession, or when challenged as to the property stated that he does not know anything about it," citing Mayfield v. State, 23 Texas Crim. App., 645; Franks v. State, 36 Texas Crim. Rep., 149; Wilson v. State, 34 S. W. Rep., 284; Garza v. State, 39 Texas Crim. Rep., 358; Hopperwood v. State, 39 Texas Crim. Rep., 15, and other cases there cited. The case of Smith v. State, 44 Texas Crim. Rep., 81, is peculiarly in point on the facts in this case. In that case as in this, the appellant did not admit possession, but denied he had ever been in possession of the stolen property, and the court held it was error to give such a charge. And in Dobbs v. State, 57 Texas Crim. Rep., 55, wherein the court says: "There was not evidence at all that appellant made any statement as to his possession of the property alleged to have been stolen, that such possession was challenged, or that the circumstances demanded or called on him for a statement, unless we may say he was called on to make a statement when offering the property for sale," and under such circumstances the giving of such a charge is erroneous, citing many authorities.

If Sam Hunter had been on trial such a charge would have been proper, as he testifies he made an explanation when Mr. Holman challenged his possession of the shoes, but as appellant's possession, if he ever had possession, was never challenged, and he made no explanation under such circumstances, his defense being that he never was in possession of the stolen shoes, the charge should not have been given. A charge on circumstantial evidence was all that was necessary under the evidence.

Appellant also insists that the court erred in permitting the sheriff to testify: "I was on the lookout for Emsy Handy in connection with this box car burglary. I was gone at the time it happened, and when I came back Mr. Birmingham reported to me what had happened, and told me to look out for Emsy Handy." As the State was relying on the circumstance of flight to aid in showing guilt, it was permissible

for the sheriff to state what efforts he had made in trying to locate appellant, but he should not have been permitted to state that "Mr. Birmingham told him to look out for Emsy Handy." On another trial that portion of the sheriff's testimony will be excluded, for it is but getting before the jury the fact that Mr. Birmingham was of the opinion that appellant was guilty of the offense, and the opinion of a person is not admissible under such circumstances.

The other matters raised we do not deem it necessary to discuss as they present no error, but on account of the above matters the judgment is reversed and the cause remanded.

*Reversed and remanded.*