### Joe Woods v. The State.

No. 4849. Decided May 1, 1918.

**1.—Rape—Continuance—Affidavit—Practice on Appeal—Rule Stated.**

Where defendant, who was on trial for rape by force, threats and fraud, presented his first application for continuance, and there was no contest as to the diligence made to procure the absent witness, and the State filed a contesting affidavit contradicting the materiality of the testimony of the absent witness and not the diligence used. Held, that the court would not be authorized to pass upon the truth of what said absent witness would testify on the trial, by allegations in a contesting affidavit of contradictory statements by said witness, and thereupon overrule the application, and thus invade the province of the jury. Following Roquemore v. State, 54 Texas Crim. Rep., 592, and other cases.

**2.—Same—Statutes Construed—Rule Stated—Question of Fact.**

The rule seems to be that. where, as in this instance, threats and force are charged in the indictment, and there is evidence of each, it is not necessary that either the force or threats alone measure up to the standard of the statutory definition, as one may contribute to the other, and where the absent testimony is such as to controvert the testimony of the State in this respect, the court is not justified in taking it away from the jury. Following Perez v. State, 50 Texas Crim. Rep., 34, and other cases.

**3.—Same—Evidence—General Reputation—Chastity.**

Where, upon trial of rape by force, the defense claimed that the injured party had carnal intercourse with another person on the night in question and not with defendant, there was no error in permitting the State, thereupon, to introduce testimony supporting the general reputation for chastity of prosecuting witness. Following Jacobs v. State, 66 Texas Crim. Rep., 146, 146 S. W. Rep., 558, and other cases.

**4.—Same—Evidence—Husband and Wife—Other Transactions.**

Upon trial of rape by force, etc., testimony that defendant and his wife were married after the birth of one or more of their children, on cross-examination, should not have been permitted.

Appeal from the District Court of Tarrant. Tried below before the Hon. Bruce Young, Acting Judge.

Appeal from a conviction of rape by force, etc.; penalty, imprisonment for life in the penitentiary.

The opinion states the case.

*John L. Poulter,* for appellant.—On question of the insufficiency of the evidence: Perez v. State, 50 Texas Crim. Rep., 34; Arnett v. State, 40 id., 617; Elliott v. State, 49 id., 435; Smith v. State, 56 id., 316.

On question of continuance: Cravens v. State, 103 S. W. Rep., 921; Leonard v. State, 53 Texas Crim. Rep., 187, 109 S. W. Rep., 149; Pearson v. State, 56 Texas Crim. Rep., 607, 120 S. W. Rep., 1004; Wallace v. State, 46 Texas Crim. Rep., 341; Dyer v. State, 47 id., 253.

On question of general reputation: Gregory v. State, 50 Texas Crim. Rep., 73; Skidmore v. State, 57 id., 497; Warren v. State, 51 id., 598.

*E. B. Hendricks,* Assistant Attorney General, for the State.

Rep., 157; Rhea v. State, 29 Texas Crim. App., 509; Rice v. State, 37 Texas Crim. Rep., 38.

Our statute, art. 1064, P. C., defines force, and article 1065, P. C., defines threat, as applicable to this offense. The rule seems to be that where, as in this instance, threats and force are charged in the indictment, and there is evidence of each, it is not necessary that either the force or threats alone measure up to the standard of the statutory definition.. The cogency which one contributes to the other may be sufficient to constitute all that is required. That is Mr. Branch's conclusion from the decisions. Branch's Ann. P. C., sec. 1782. It is the rule recognized in some of the authorities mentioned by appellant, notably Perez v. State, 59 Texas Crim. Rep., 34. See, also, Cole v. State, 57 Texas Crim. Rep., 57; Sharp v. State, 15 Texas Crim. App., 171; Sawyer v. State, 39 Texas Crim. Rep., 557. Under the facts and this rule we do not think that the evidence was such as to justify the court in taking it away from the jury.

The appellant's defense, asserting that the injured party had intercourse with another person on the night in question and not with appellant, was, we think, sufficient under the authorities to justify the introduction by the State of evidence supporting the general reputation of the prosecuting witness for chastity. Jacobs v. State, 66 Texas Crim. Rep., 146, 146 S. W. Rep., 558.

The State undertook to lay a predicate on cross-examination of appellant's wife to show that appellant and his wife were married after the birth of one or more of their children. We think that such impeachment of her would have been on an immaterial issue and one which would have been inadmissible and harmful to appellant, in that it would have tended to burden his case with evidence that he and his wife had lived in adultery before their marriage, a criminal offense in no way connected with that under consideration. This matter as presented in the bill does not make it clear that the impeachment took place.

The assignments of error not discussed have been examined, and, we think, present no reversible error. The evidence adduced and the nature of the case are such that in our opinion the error committed by the trial court in refusing to continue or postpone the case for the purpose of permitting appellant to obtain the testimony of Mrs. Bryan was material and requires a reversal of the judgment, which is ordered.

*Reversed and remanded.*