## Charlie Hoyt v. The State.

### No. 6142.   Decided March 9, 1921.

#### 1.—Receiving Stolen Property—Confession—Rule Stated—Hearsay.

Where upon trial of receiving stolen property the confession of the alleged thief was introduced in evidence, to the effect that he had stolen the property and that he had delivered and sold same to defendant, the latter part of the confession was hearsay and should not have been admitted in evidence. Following Forrester v. State, 69 Texas Crim. Rep., 62, 152 S. W. Rep., 1041, and other cases.

#### 2.—Same—Embezzlement—Theft—Delivery Boy—Principal and Agent.

This court cannot agree with the contention of defendant that the party who was alleged to be the thief of the stolen property was the agent of the alleged owner of the same, and that the offense would be embezzlement and not theft. The alleged thief was but a delivery boy of the alleged owner and was not carrying the goods to a customer but took them out of the store of the alleged owner.

#### 3.—Same—Charge of Court—Defensive Theory.

Where, upon trial of receiving stolen property, the defendant claimed that he bought said alleged goods from the alleged thief in good faith and without knowledge that the same were stolen, the court should have submitted an affirmative charge presenting this defensive theory, when requested to do so. This was reversible error. Following Grande v. State, 37 Texas Crim. Rep., 54, and other cases.

#### 4.—Same—Election By State—One Count.

Where, the indictment contained but one count, there was no error in overruling defendant's motion to require the State to elect.

#### 5.—Same—Evidence—Sustaining Witness—Practice in Trial Court.

Where defendant attempted to sustain his witness by proving statements similar to his testimony on the trial, but such attempt was made before the State offered any testimony to impeach said witness, and the defendant failed to offer such testimony after the State had introduced its testimony, there was no reversible error.

#### 6.—Same—Intent—Charge of Court—Receiving Stolen Property.

In some way the question of the intent of the accused in receiving said property should have been submitted in the instant case, which raised such issue. Following Wilson v. State, 12 Texas Crim. App., 481, and other cases.

Appeal from the County Court of Nacogdoches. Tried below before the Honorable J. M. Marshall.

Appeal from a conviction of theft under the value of Fifty Dollars; penalty, a fine of $100 and thirty days in jail.

The opinion states the case.

*Russell & Seale,* for appellant.—On question of admitting testimony of original theft: Watson v. State, 48 Texas Crim. Rep., 324; Shifflett v. State, 51 id., 530; Overstreet v. State, 150 S. W. Rep., 630.

On question of sustaining witness: Williams v. State, 24 Texas Crim. App., 346; Hardin v. State, 57 Texas Crim. Rep., 401.

LATTIMORE, JUDGE.—Appellant was convicted in the County Court of Nacogdoches County of receiving stolen property of value less than fifty dollars and his punishment fixed at thirty days in the County jail and a fine of one hundred dollars.

Appellant received the property in question from one, Joe Blount, who was alleged to have acquired same by theft. The State proved a confession made by Blount, part of which is as follows: "Joe Blount told me, among other things, that he had stolen, about the 15th of February, 1920, a pair of shoes and two suits of underwear from Tucker-Hayter & Company, *and had delivered and sold same to the defendant, Charlie Hoyt.*" Objection to this as being hearsay, out of the presence and hearing of appellant was overruled. This was erroneous, as to part of said statement. While confessions of an alleged thief are admissible in trials of this character as evidence going to establish the theft of the property in question, such confession should be limited in the charge to said purpose only. Forrester v. State, 69 Texas Crim. Rep., 62, 152 S. W. Rep., 1041, and statements made in connection with such confession which are inculpatory of the alleged receiver, are but hearsay if introduced against such receiver, when made out of his presence, and should not be allowed. Richardson v. State, 75 S. W. Rep., 505. That portion of said confesison relating to appellant was not competent. We are unable to agree with the contention of appellant that Blount was shown to be such agent of the alleged owner of the property involved as to make his offense embezzlement, and that therefore appellant cannot be guilty of receiving stolen property. Blount was but a delivery boy for such owner of said property, appearing to have no care, control, or custody of goods while in the owner's store; and his taking of such goods from the store would be theft. It is not shown in this record that the said goods had been delivered to Blount to be carried by him to customers. In the latter case the contention of appellant would be plausible.

Appellant claimed that he bought said goods from Blount in good faith and without knowledge that same was stolen. The State combatted this theory but it is uniformly held that an affirmative charge should be given presenting the defensive theory if supported by any testimony. No such charge was given notwithstanding a special instruction upon this issue was asked by appellant. This was error. Grande v. State, 37 Texas Crim. Rep., 54; Standfield v. State, 73 Texas Crim. Rep., 290, 165 S. W. Rep., 217.

The indictment contained but one count and there was no error in overruling appellant's motion to require the State to elect upon which count it would prosecute.

Appellant attempted to sustain his witness Blount by proving statements similar to his testimony on the trial, such attempt being made

before the State offered any testimony to impeach that of said witness. At this stage of the trial the State's objections to such supporting testimony was properly sustained, and we find nowhere in the record that appellant offered to prove such supporting statements after the State had introduced its contradictory testimony.

In some way, either by charging on purchasing in good faith, or by directly stating the principle, the question of the intent of accused in receiving said property should be submitted. Wilson v. State, 12 Texas Crim. App., 481; Arcia v. State, 26 Texas Crim. App., 205; Trail v. State, 57 S. W. Rep., 92; Kaufman v. State, 70 Texas Crim. Rep., 438, 159 S. W. Rep., 58.

For the errors above mentioned judgment of the trial court will be reversed and the cause remanded for new hearing.

*Reversed and remanded.*