CLAY LITTLEJOHN v. THE STATE.

No. 15437.   Delivered February 1, 1933.
Reported in 56 S. W. (2d) 876.

The opinion states the case.

*Marshall & King,* of Graham, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—Receiving and concealing stolen property is the offense; punishment, two years in the penitentiary.

The bill of indictment contained two counts; the first charging theft of an automobile belonging to one J. T. Reece, and the other charging receiving and concealing said automobile knowing it to be stolen. The court in his charge submitted alone the count charging receiving and concealing stolen property.

The facts in brief are as follows: A Ford coupe, 1929 model, belonging to J. T. Reece, was stolen from his private garage at his home in Post, Texas, some time during the first part of April, 1931. Some months thereafter he identified his car, which was then in the possession of the Shamrock Motor Company at Graham, Texas. He was able to identify it by reason of certain peculiarities thereon. It further appears from the evidence that on the 22nd day of April, 1931, the appellant sold the automobile to the Nehls Motor Company of Graham, Texas, for the sum of $160. He executed to the said motor company a transfer and bill of sale therefor. Two days thereafter the Nehls Motor Company sold the automobile to a man by the name of Askew. The automobile was taken from the possession of the said Askew some time in June, 1931, by W. L. Bartlett, a representative of the insurance company which carried the insurance on the car. Bartlett returned the car to Reece. A witness by the name of Gormley testified that he made an examination of the stolen automobile on May 28, 1931, and was able to determine that the motor number on the car had been changed and he was also able to determine the car number of the car.

Appellant did not testify as a witness in his own behalf. He introduced evidence to show that he had made no concealment whatsoever of the car while it was in his possession and he made several attempts to sell the automobile before he finally sold it to the Nehls Motor Company. He introduced in evidence a bill of sale showing that he had purchased the automobile from one V. G. Turman and described the car by the same motor number as the number shown on the transfer he gave to the Nehls Motor Company.

By bill of exception 3A appellant complains of the failure of the court to sustain his objection to the testimony of the state's witness, F. T. Littlejohn, to the effect that he had purchased a car some time about the 22d day of April from one

J. E. Lattimore, who had been introduced to him by the appellant, which car was afterwards taken from the witness' possession by a man by the name of Schmidt. The appellant objected to said testimony on the ground that it does not in any way connect or tend to connect the appellant with the crime testified about; that said testimony does not prove or tend to prove any motive, system, or intent or guilty knowledge on the part of the defendant; that the same was not in any way connected with the offense for which the appellant was then on trial. Appellant also by bill of exception 3B objected to the introduction in evidence of a bill of sale from J. E. Lattimore to the said witness F. T. Littlejohn for the same reason. By bill of exception 3D appellant also objected to the testimony of one J. E. Lattimore, pertaining to the same subject. The court overruled appellant's objections to all of said testimony, and permitted said testimony to go to the jury unlimited, to which appellant duly excepted.

In the admission of said evidence, we are of the opinion that the court was in error. There was no evidence offered to show any connection between the car alleged to have been sold by Lattimore to the brother of the appellant, F. T. Littlejohn, tending to connect the appellant with said car, except for the fact that he introduced a man to his brother as J. E. Lattimore. It has been held by this court that evidence of extraneous crimes may be admitted to develop the res gestae, to connect the defendant with the case on trial or to show intent; also it is asserted as a general proposition that such evidence may be introduced when it tended to show system, but the authorities draw a distinction between the doctrine of system and systematic crimes. The question of system will not apply unless it is for some of the purposes cited. See Cone v. State, 86 Texas Crim. Rep., 291, 216 S. W., 190; Long v. State, 39 Texas Crim. Rep., 537, 47 S. W., 363; Smith v. State, 52 Texas Crim. Rep., 80, 105 S. W., 501; Hunt v. State, 89 Texas Crim. Rep., 89, 229 S. W., 869. The evidence admitted of which complaint is made was a transaction that was independent of the one for which this conviction was obtained. The evidence admitted was of a material character, and in our opinion prejudicial to the accused.

We quote from the case of Smith v. State, supra: "Where evidence of an extraneous crime is admitted, it must be to show intent, to develop the res gestae, identify the defendant, or show system. That a party may be systematically a thief, or destroyer of a house by burning, or in the participancy or execu-

tion of a crime, does not necessarily come within the exceptions above mentioned. To prove system in order to identify a party, or to show intent, is one thing, but to prove systematic crime, or that an accused is a confirmed violator of the law, is a very different proposition. And extraneous crimes are not admissible, even under the exception to the rule, unless the testimony comes within one of the exceptions, and this to connect the defendant with the crime for which he is being tried."

By proper bill of exception, appellant complains of the refusal of the trial court to give a special charge requested by the appellant to the effect that, if they believed that the defendant, Clay Littlejohn, bought the automobile in question in good faith, that they would acquit the defendant and say by their verdict not guilty. The appellant offered in evidence a bill of sale from one V. G. Turman to the car which appellant is alleged to have had possession of and to have sold and which is claimed to have been stolen from one J. T. Reece, dated the 20th day of April, 1931, signed by the said V. G. Turman, and sworn to before Doris Henderson, notary public in and for Dallas county, Texas. He also proved by a witness that the witness knew the said V. G. Turman and the said Turman sold the car in controversy to the appellant in Malone, Texas, in April, 1931, and the said Turman offered to sell said car to the witness, and he heard the appellant make the said Turman an offer for said car of $135. This raised a defensive issue in behalf of the appellant. It has been uniformly held that an affirmative charge should be given presenting the defensive theory if supported by any testimony. See Hoyt v. State, 88 Texas Crim. Rep., 612, 228 S. W., 936. No such charge was given notwithstanding the special instruction asked by appellant upon this issue. This was error. Grande v. State, 37 Texas Crim. Rep., 54, 38 S. W., 613; Stanfield v. State, 73 Texas Crim. Rep., 290, 165 S. W., 216, 217; Hunt v. State, 89 Texas Crim. Rep., 89. The jury should have been charged in substance that, if they believed appellant bought the car in question from Turman or had a reasonable doubt upon that issue, they should acquit.

The trial court charged the jury as follows: "You are charged as part of the main charge in this case that under our law a person charged with the offense of receiving and concealing stolen property may be prosecuted in the same county in which he received same, or in any other county in which he is found in possession of said property or through which he transported same." Appellant excepted to said charge as not announcing the law under article 200, C. C. P., 1925, which article

reads as follows: "Receiving and concealing stolen property may be prosecuted in the county where the theft was committed, or in any other county through or into which the property may have been carried by the person stealing the same, or in any county where the same may have been received or concealed by the offender." The charge of the court upon this issue was error. Upon another trial of this case, the court should instruct the jury in accordance with the article above stated.

For the errors pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.