## PAUL RYAN v. THE STATE.

No. 17514. Delivered May 1, 1935.

The opinion states the case.

*Henry Russell,* of Pecos, and *Tom Garrard,* of Tahoka, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of receiving and concealing stolen property of the value of more than fifty dollars, and his punishment was assessed at confinement in the state penitentiary for a term of two years.

The testimony for the State shows that in the month of December, 1930, Klinger and Rollins had stored certain tool boxes and well drilling equipment on a lot in the town of Andrews in Andrews County. The tool boxes and a chain hoist were taken from said lot on or about the 24th day of December by R. Holland who at the time told W. J. Underwood that he was hauling the same for the owners, Klinger and Rollins. About 2½ years later the property was found in the possession of appellant in Ward County who claimed that he had obtained it from Holland. A. E. Walker, who was employed by appellant as a driller to drill a well in Ward County, testified that on or about the 23rd day of December he laid off for Christmas until a day or two after Christmas; that when he laid off there were not any tool boxes at the drilling rig but that when he returned to work after Christmas there were two deck steel and a wood tool boxes there. That appellant instructed him to cut up the wood box and use it around the rig and to paint the steel boxes, which he did; that a few days later appellant came out to the

well and wanted him and the other co-workers to lay off for a few days, claiming that some of the stuff out there was "hot"; that he did not want any of the boys around if any one came there. The appellant did not testify nor offer any testimony in his behalf.

By bill of exception the appellant complains of the action of the trial court in permitting the witness Underwood to testify that in December, 1930, when Holland hauled the tool boxes he, Holland, told the witness that he was hauling them for Klinger and Rollins. He also complains of the action of the trial court in permitting the witness Klinger to testify that in 1932 he had a conversation with Holland, in the absence of the appellant, in which Holland told him that he had hauled the three tool boxes to Ward County and delivered them to appellant. That appellant had given him a map with directions of the road leading to the place where the tool boxes were located. The objections interposed to this testimony was that it was hearsay and not binding on appellant, that the statement made by Holland was made in the absence of appellant and more than two years after the alleged offense was committed. It occurs to us that appellant's position is well taken and should be sustained, and in support of the views herein expressed we refer to the following authorities: Forrester v. State, 152 S. W., 1041; Hoyt v. State, 228 S. W., 936; Wool v. State, 83 Texas Crim. Rep., 113; Richardson v. State, 75 S. W., 505. The statements made by Holland in the absence of appellant and two years or more after the alleged offense was committed were clearly hearsay, and if it was offered to show a conspiracy existed between appellant and Holland to steal the property in question then it was not admissible because it was a statement made after the conspiracy, if any, had terminated. While this testimony would have been admissible against Holland if he had been on trial for theft, yet it was not admissible as against the appellant.

The appellant objected to the court's charge within the time prescribed by law because the court did not charge on the law of circumstantial evidence. We have examined the statement of facts rather carefully but fail to find any direct testimony, except the hearsay testimony objected to, that appellant knew at the time he received the alleged stolen property that it was stolen or that he concealed it. Upon another trial, in the absence of R. Holland's testimony, the court should instruct the jury on the law of circumstantial evidence.

The appellant's next contention is that the court erred in not giving his special requested instruction for an acquittal because

the evidence of the State showed that Holland, at the time he loaded and hauled the alleged stolen property from the lot in the town of Andrews where it was stored, claimed that he was hauling it for the owners, Klinger and Rollins; that by reason of said testimony the State was required to prove not only the want of consent of Klinger to the taking of said property, but also the want of consent of Rollins. Article 402, C. C. P.; provides that where property is owned in common, or jointly, by two or more persons, the ownership may be alleged to be in all or either of them, and when the State's proof meets the averment in the indictment a prima facie case is made. But in law either of the joint owners has the right to control and dispose of the property owned jointly and where the State's proof shows, as in this case, that the alleged thief, at the time he took the property, claimed that he was taking it for the owners, it raised a presumption that he took it by virtue of some contract with Rollins and with his consent and therefore could not be guilty of theft. If Holland had testified that he had no such agreement with Rollins, the question would not have arisen.

The appellant also contends that inasmuch as the testimony shows that he purchased the alleged stolen property from Holland, that he was an innocent "defender" and that he told Klinger that if there was anything wrong about the property that he wanted to make it right raised the issue of his purchase of the property in good faith, and that the court should have instructed the jury accordingly. While he might be entitled to such an instruction upon another trial, if the testimony is the same, yet if after he acquired the property he learned that it was stolen and then concealed it, he would nevertheless be guilty of concealing stolen property. See Harper v. State, 227 S. W., 190.

For the error hereinabove pointed out, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.