## D. A. CRISPI V. THE STATE.

No. 6450. Decided January 25, 1922.

**1.—Aggravated Assault—Continuance—Want of Diligence.**

Where the application for continuance showed a want of diligence, and the absent testimony was of cumulative nature, there was no reversible error.

**2.—Same—Evidence—Conversion—Bill of Exceptions.** -

Where the bill of exceptions did not show that defendant was not present at the time of the alleged conversation, there was no error in admitting the same in evidence.

**3.—Same—Hearsay Evidence—Conversation Between Third Parties.**

Where, upon trial of aggravated assault, the defendant objected to certain testimony with reference to a conversation betwen the prosecutrix and the State's witness, in defendant's absence, the objection should have been sustained. Such testimony was not admissible and was injurious to the rights of defendant.

**4.—Same—Evidence—Bill of Exceptions—Hearsay Evidence.**

Manifestly it would not be competent as a matter of original evidence, unless *res gestae*, to prove on behalf of the State that at various times after the alleged assault prosecutrix warned her friends against defendant and told them that he had hugged and kissed her.

**5.—Same—Evidence—Bill of Exceptions.**

Where the purpose of the witness in a visit to the defendant shed no light on any issue herein and only reflecte: the complaint of prosecutrix and the feeling aroused in the witness, the same was inadmissible.

**6.—Same—Charge of Court—Presumption of Intent—Indecent Familiarity.**

In cases of aggravated assault, based on assault of indecent character by an adult male on a female, it is not erroneous to charge the jury on the presumption of intent to injure. Following Tubbs v. State, 50 Texas Crim. Rep., 143.

**7.—Same—Requested Charge—Theory of Defense—Intent.**

Where there was no need to charge upon the theory of defense unsupported by the evidence, there was no error in refusing a requested charge with reference to the intent of the defendant.

**8.—Same—Requested Charge—Defense Theory—Practice on Appeal.**

Where no exception was taken to the charge of the court as given for failure to incorporate therein the defensive theory as to the innocent acts of the defendant, the same could not be considered on appeal, although such matter should have been presented by the court.

Appeal from the County Court of Bexar. Tried below before the Honorable Nelson Lytle.

Appeal from a conviction of aggravated assault; penalty, a fine of twenty-five dollars and thirty days confinement in the county jail.

*Joe H. H. Graham* and *Mauermann & Hair,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, Judge.—Appellant was convicted in the County Court of Bexar County for criminal cases, of the offense of aggravated assault, and his punishment fixed at a fine of $25 and thirty days in the county jail.

Appellant was the manager and proprietor of a candy making establishment in the city of San Antonio, and was charged with making an aggravated assault on Miss Gravell, the State contending that on the occasion in question he caught and kissed Miss Gravell without her consent and against her will. The theory of the defense was that on the occasion in question appellant did not kiss or attempt to kiss Miss Gravell or use any indecent familiarity toward her, but that he did put his hand upon her shoulder and push her slightly to one side so that he could pass by where she was standing in a narrow passage way. The complaint was filed in February, 1921, and a mistrial had during March of said year. When this cause was called for trial upon a re-setting in April, appellant asked for a continuance because of the absence of Gertrude Allen and Howard Williams. It is stated in the application for continuance that appellant had recently learned of the facts stated to be those expected from Miss Allen, and that a subpoena issued for her and placed in the hands of the sheriff had been returned without service, and that only about the time of this trial appellant learned of the fact that she was living on a certain street in San Antonio, the exact address not being known to him. We

do not think the application showed sufficient diligence as to witness Allen. On the presentation of the motion for new trial the court heard evidence which in substance showed that the officers had gone to the parties named to them by appellant and his attorney as being able to locate said witness, and that they had been unable to find her, and ascertained that she was out of the city. The motion for new trial was heard by the court more than two weeks after the date of trial, and no affidavit of said witness was attached to said motion. The testimony of the absent witness Williams is not shown by the application to have been material. It would only have become material as contradictory of the testimony of Mrs. Ruth Martin, a State witness, but an examination of the evidence given by Mrs. Martin discloses that she testified in substance to the same matters attributed to the witness Williams. We are of opinion no error is shown in the overruling of said application.

By his bill of exceptions No. 13 appellant complains of evidence of a conversation between Ruth Martin and prosecutrix. We will not discuss said bill at length, but are of opinion that same is not so drawn as to present error, it not being shown that appellant was not present at the time of said conversation.

The appellant's theory of the case was that the complaint was filed against him by prosecutrix, and his conviction sought as a predicate for a proposed damage suit against him by her. Ruth Martin testified for the State and said that she went out to see prosecutrix shortly after the occurrence, on behalf of appellant. She was asked by State's counsel to tell what she said to prosecutrix on the occasion of her visit to the latter and her reply, said statements being set out in bill of exceptions No. 14 as follows: "A. That he was going to sue her for blackmailing. She said, 'Let him sue, for we don't care, we didn't go into this thing for money,' and she was going to carry it through to the very last." This was objected to for that it was not *res gestae*, not in the presence and hearing of the accused, and could have served no other purpose than to prejudice the case. Substantially the same matter and the same objections are presented in bill of exceptions No. 10, wherein the same facts were stated by prosecutrix when on the witness stand. Nothing in the record makes this hearsay statement and conversation admissible. Manifestly Ruth Martin went to see prosecutrix purporting to aid appellant, and the record is susceptible of the construction that he wanted her to go, or that he sent her, but we find no where any instruction from him as to what she should do or say. The statement of the prosecutrix just quoted was a direct denial by her, at a time when no such charge had been made, of the motive assigned by the defense as the moving cause of the prosecution; and was a strong refutation, if true and admissible, of appellant's theory. We cannot, therefore, hold that such hearsay statement was not hurtful. Appellant's objection should have been sustained to the conversation in such instance.

The matter objected to and set forth in bills of exception Nos. 3 and 4 would also be inadmissible if transpiring out of the presence and hearing of the accused. Said bills are approved without explanation or qualification by the trial court. Bill of exceptions No. 3 sets out objections to a conversation had between prosecutrix and two of her female companions about a half hour after the time of the occurrence charged. Bills of exceptions No. 4 relates to statements made by prosecutrix several hours after said alleged occurrence. Manifestly it would not be competent as a matter of original evidence, unless *res gestate,* to approve on behalf of the State that at various times after the alleged assault prosecutrix warned her friends against appellant and told them that he had hugged and kissed her.

After the alleged assault prosecutrix returned to appellant's place of business accompanied by one Whitman, who was introduced on the trial as a witness for the State. In his direct examination Mr. Whitman was asked by the State what his purpose was in going to said place of business, to which he answered, "To give Mr. Crispi a beating." Appellant's objection to this should have been sustained. The purpose of said witness in such visit shed no light on any issue herein and only reflected the complaint of prosecutrix, and the feeling aroused in the breast of Whitman thereby. The testimony should not have been allowed.

In cases of aggravated assault based on assaults of indecent character by an adult male person on a female, it is not erroneous to give in charge to the jury the presumption of intent to injure deducible from injury set out in Art. 1009, Vernon's P. C., the substance of which was presented in a charge given at the instance of the State. Tubbs v. State, 50 Texas Crim. Rep., 143.

Appellant positively denied kissing prosecutrix as claimed by her. There is nothing in her testimony remotely suggesting that the kiss was with her consent, or that it was not without such consent, in which condition of the record it was not erroneous for the court to refuse appellant's special charges Nos. 2, 3 and 5, which sought to have the jury told that if appellant kissed prosecutrix with no intent to injure her feelings, and believing same would not be objectionable to her, they should acquit. No need existed to charge upon a theory unsupported by the evidence.

Appellant asked special charge No. 1 to the effect that if the jury believed that appellant only placed his hands on the shoulder of prosecutrix for the purpose of getting by her, or moving her from his way so he could get by, and did nothing else to her, and that in what he so did there was no intent to injure, he should be acquitted. We find upon examination that no exception was taken to the charge of the court as given for failure to incorporate therein such defensive theory, which exception should have been taken as a predicate for the requested charge in a misdemeanor case. The court no where presented affirmatively the theory of the accused as made by his

testimony and as presented by said special charge. Had proper exception been taken, this would have been reversible error, as the duty of the court is to present affirmatively the theory of the appellant if supported by any evidence. Menach v. State, 97 S. W. Rep., 503; Porterfield v. State, 141 S. W. Rep., 968.

For the errors mentioned the judgment of the trial court will be reversed and the cause remanded.

*Reversed and remanded.*