PONCIANO MARQUEZ ALIAS SALVADOR MARQUEZ V. THE STATE.

No. 16634. Delivered April 11, 1934.

The opinion states the case.

*E. B. Elfers* and *Sydney Smith,* both of El Paso, for appellant.

*Roy Jackson,* Dist. Atty., of El Paso, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of receiving and concealing stolen property, and his punishment assessed at confinement in the State penitentiary for a term of five years.

The testimony adduced upon the trial is substantially as follows: W. Eaton had in his possession and under his control, in addition to an apartment house, seven individual garages or compartments for storing and housing automobiles. On the 30th day of August, 1933, he rented one of the garages, being No. 5, to Alex Fierro, who paid one month's rent in advance. Eaton did not thereafter see Fierro about the premises but some two or three days later noticed that a lock was on the door but he did not notice whether a car was in the garage. On the night of September 1, 1933, an automobile belonging to H. R. Conway was stolen from in front of an apartment house where he had left it. On the 6th of September, the car was found in the garage which Fierro had theretofore rented from Eaton. S. C. Simms, who had also rented one of the garages, on the 6th day of September at about 11 A. M. noticed one of the doors to garage No. 5 partly open. He looked into the same and saw the appellant and another person with a hack saw trying to saw the chain in two by which a spare tire was fastened to the rear of the car. The men were perspiring freely and they said to the witness, "It is hot. We lost our key." Mr. Simms then asked them why they didn't open the other door, and then went to his apartment and called the police. When the police arrived, the appellant and his companion had gone, but they were observed going in the direction of the railroad yards where they were overtaken and arrested.

The court submitted the case to the jury upon two counts, that is, theft and of receiving and concealing stolen property knowing it to have been stolen, but instructed the jury to make a specific finding on which count they found the appellant guilty in event of a conviction. The court, however, failed in the charge to instruct the jury that one guilty of theft could not be guilty of receiving stolen property. The jury found the appellant guilty on the count in the indictment which charged him with receiv-

ing and concealing stolen property knowing that it had been stolen.

The appellant vigorously assails the sufficiency of the evidence to warrant and sustant the conviction. Upon a careful review and consideration of all the testimony, we have reached the conclusion that the appellant's contention should be sustained. If the fact that the appellant and his companion were discovered in the garage where the stolen property was stored and where the act of removing the spare tire chain by the use of a hack saw was being committed was sufficient to show that they were in possession of recently stolen property, then it would tend to show theft, because the unexplained possession of recently stolen property is a sufficient circumstance that it was stolen by the possessor, and if the appellant and his companion or the appellant alone stole the car, he could not be guilty of receiving and concealing stolen property, nor could he be guilty of both offenses, and in support of the views herein expressed we refer to the case of Sparks v. State, 300 S. W., 938. The circumstances point more to Fierro as the party guilty of the theft of the car than they do to any other person, and if we are correct in drawing such an inference from the testimony, we are yet without any evidence, either direct or circumstantial, which would show that appellant knew that the car was stolen. In the case of Castleberry v. State, 35 Texas Crim. Rep., 382, 33 S. W., 875, this court, speaking through Judge Davidson, said:

"Will the bare fact that the accused received the stolen property be sufficient proof, standing alone, that he knew the property was stolen when he received it? It will not. * * * Each case must depend upon its own facts. But we do hold that the bare fact of receiving stolen property is not sufficient to show guilty knowledge."

The most reasonable conclusion to be drawn from the testimony in the case under consideration is that the appellant and his companion were in the garage attempting to steal the spare tire and not that they had received and were concealing stolen property.

Believing that the testimony is insufficient to warrant the conviction of the appellant of the offense of receiving and concealing stolen property knowing that it was stolen, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.