## JOHN MURPHY V. THE STATE.

No. 18303. Delivered May 20, 1936.
State's Rehearing Denied (Without Written Opinion) June 17, 1936.

The opinion states the case.

*C. Y. Welch,* of Quanah, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was convicted of the offense of receiving and concealing stolen property, knowing that it had been stolen, and his punishment was assessed at confinement in the state penitentiary for a term of two years.

The indictment contains three counts. The first count charged appellant with the theft of an automobile in Montague County from one Lynn Garlington on or about the 23rd day of February, 1935. The second count charged him with unlawfully and fraudulently receiving, in said county and state, from some person, to the grand jury unknown, certain corporeal personal property, then and there belonging to Lynn Garlington, which had theretofore been acquired by said unknown person in such manner as that the acquisition comes within the

meaning of the term theft. The third count charged appellant with unlawfully and fraudulently receiving from Joe B. Mayes certain corporeal personal property, to-wit: an automobile, then and there belonging to Lynn Garlington, which said property had theretofore been acquired by Joe B. Mayes in such manner as that the acquisition comes within the meaning of the term theft, and the said John Murphy did fraudulently receive and conceal said property, then and there well knowing the same to have been so acquired.

The State's testimony shows that Lynn Garlington's automobile was stolen from his garage in Montague County on the night of February 23, 1935; that said automobile was of the value of three hundred and fifty dollars. A few weeks later the motor, gaskets, and some other parts of said automobile were found in the possession of appellant, who was a dealer in second-hand automobiles and parts. Appellant claimed to have purchased the same from a man, who represented himself to be Joe B. Mayes, paying therefor thirty-five dollars; that he did not know it was stolen property or he would not have purchased it. The chassis and other parts of said automobile were found to have been burned in Mulkey's pasture in Hardeman County, some twenty miles from appellant's place of business. The motor found in appellant's possession showed that the engine number had been practically obliterated and a different number stamped on it, but when heat was applied the original number appeared sufficiently to show that it was the motor taken out of Lynn Garlington's car.

The court submitted the case to the jury upon all of said three counts and the jury returned a verdict finding the defendant guilty under the charge contained in the third count. Appellant in due time filed his written objections to the court's charge, one of the objections being that the court did not properly present defendant's defense either to the first, second, or third count of the indictment. Appellant's defense was that he in good faith purchased the motor and some parts of an automobile from a person who represented himself as Joe B. Mayes; that he paid thirty-five dollars for said property; that if he had known it was stolen, he would not have purchased it. In all criminal cases the law should be applied to any and all of the issues supported by the testimony, and it is immaterial from what source the testimony comes. We think that the court committed reversible error in declining to respond to appellant's objection to the charge. See Hoyt v. State, 88 Texas Crim. Rep., 612, 228 S. W., 936: Wool v. State, 83 Texas

Crim. Rep., 113, 201 S. W., 1002; Littlejohn v. State, 56 S. W. (2d) 876; Smith v. State, 89 Texas Crim. Rep., 606; Crispi v. State, 90 Texas Crim. Rep., 621, 237 S. W., 263; Pinkerton v. State, 92 Texas Crim. Rep., 449, 244 S. W., 606; Savage v. State, 92 Texas Crim. Rep., 520, 244 S. W., 1002; Elliott v. State, 95 Texas Crim. Rep., 315, 255 S. W., 183. In the case of Pye v. State, 74 Texas Crim. Rep., 322 (326), this court said: "It is a fundamental proposition that wherever a defensive theory is presented by the record, the defendant is entitled to a distinct and affirmative presentation of that issue, in order to prevent the jury from ignoring his defense and conduct them to a proper verdict if they find his evidence to be true or there was a reasonable doubt of it." See, also, Wheeler v. State, 34 Texas Crim. Rep., 350; Jackson v. State, 15 Texas App., 84; Taylor v. State, 50 Texas Crim. Rep., 377.

Appellant's next contention is that the testimony is insufficient to sustain his conviction under the third count in the indictment. First, if the appellant stole the car, he could not be guilty of the offense of receiving stolen property, because the receiver of stolen property must be a person other than the thief. Second, if he purchased the motor and other parts of the automobile in question knowing that the same were stolen, the State was required to show that the value thereof was fifty dollars or more in order to show the commission of a felony. Third, that there is not any testimony that Joe B. Mayes, the party from whom the appellant is alleged to have acquired the property, had theretofore stolen the same. It is our opinion that the evidence adduced by the State, disregarding the evidence introduced by the defendant, is insufficient to support the judgment of conviction under the third count in the indictment. If the appellant himself stole the car, he could not be convicted under said count in the indictment; and if he received parts of the alleged stolen car knowing the same to have been stolen, he could not be convicted under said count of a felony unless the State's testimony showed that the property was of the value of fifty dollars or over. The State relied upon circumstantial evidence to establish its case against the appellant. In order to sustain a conviction under circumstantial evidence, it should be made to appear not only that an offense as charged has been committed, but there should also be proof to a degree of certainty, greater than a mere probability or strong suspicion, establishing that the party charged was the person who committed it or was a participant therein. Under said count it was necessary for the State not only to

show that Joe B. Mayes was the person who committed the theft of the automobile, but also to show that appellant received the property from said Joe B. Mayes, the alleged thief, knowing that the same had been acquired in such manner that the acquisition thereof comes within the meaning of the term theft. No one saw Mayes in possession of the automobile, no one saw Mayes at or near the place where the automobile was alleged to have been stolen, and no circumstances are shown from which an inference might be drawn that Joe B. Mayes stole the automobile except the testimony of the appellant that he purchased certain parts of an automobile which appears to have been the one that was stolen from Lynn Garlington. Under an indictment alleging that the stolen property was received from a certain person the State is required to prove that the property was received from the particular person mentioned. See Moseley v. State, 36 Texas Crim. Rep., 578, 38 S. W., 197.

The possession of recently stolen property or a part thereof will justify the conclusion that the possessor thereof committed the offense of theft, but does not justify the conclusion that he fraudulently received the stolen property knowing that it was stolen and thereafter concealed it. The unexplained possession of the motor, which was a part of the recently stolen property, alone might justify the conclusion that appellant stole the car, but would not justify the conclusion that he fraudulently received and concealed it. See Marquez v. State, 70 S. W. (2d) 426.

For the errors herein above pointed out the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.