S. J. WHATLEY, JR., *alias* BALDY WHATLEY, v. THE STATE.

No. 19820.   Delivered November 2, 1938.

The opinion states the case.

*Taylor, Irwin & Irwin, Ivan Irwin,* and *Wallace B. Moore,* all of Dallas, and *Bond & Porter, Fred Porter,* and *Jack Bond,* all of Terrell, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, JUDGE.—Appellant was convicted of receiving and concealing stolen property, and given five years in the penitentiary.

The Fair Store, in the city of Kaufman, Texas, was burglarized sometime between Saturday, September 19, 1937, and the Monday morning following, and some 85 suits of clothes were taken therefrom. Thereafterwards the appellant sold one of these suits of clothes to one Bell for five dollars,—their value having been testified to as between $12.00 and $15.00 each. On September 19, 1937, appellant and one Earl Jacobs had a conversation with one Dick Nelms, Jr. On the next day at the Lafayette Apartment, where appellant and Jacobs both resided, the witness Nelms had a conversation with appellant, and appellant left the apartment. In a few minutes Earl Jacobs drove up in a Durant car and turned the car over to Nelms, and in such car there were 37 suits of clothes, sufficiently identified to support the inference that they were a portion of the suits taken from The Fair Store in Kaufman. Nelms took these clothes to one Schwartz where they were left until about ten o'clock that night, at which time Schwartz notified Nelms to come and get the clothes, which he immediately did, and the clothes were turned over to the local peace officers. The apartment of Earl Jacobs was then searched by the officers and two more of these stolen suits were found therein.

The witness Nelms paid Whatley, the appellant, $90.00 in money when he received such 37 suits, and later on this money was divided by appellant between himself, Earl Jacobs and one Sam Clay Foston.

This is a brief outline of the facts of the case, and appellant insists that such facts are not sufficient to show him guilty

of receiving and concealing stolen property. The indictment herein contained in its first count a charge of theft of property over the value of fifty dollars, which was not submitted to the jury; and a second count under which conviction was had of receiving and concealing stolen property from some person unknown to the grand jury, and then follows allegations relative to other and prior convictions for like offenses under the habitual criminal statute. Only the second count was submitted to the jury, the State for some reason having abandoned the habitual criminal clause thereof.

The appellant complains in his first proposition because the State did not affirmatively show by some testimony that the person from whom the stolen property was received was unknown to the grand jury. Such should have been shown if it were possible. Nevertheless we have heretofore held in Mathis v. State, 111 S. W. (2d) 254, that: "But, where nothing is developed on the trial to suggest that by any possible investigation the grand jury could have ascertained from whom defendant received the property, it would show a prima facie case that the name of the party from whom defendant received the property was unknown to the grand jury, thereby supporting such averment in the indictment, and presenting no question of variance; and especially would this be true where the whole case shows that, if the grand jury had been in possession of all the evidence developed on the trial, it still could not have known from whom the defendant received the property."

There are many other propositions presented by appellant which will doubtless not occur again, and in behalf of brevity we pass the same unnoticed.

Appellant's twelfth proposition is as follows: "Defendant's unexplained possession of recently stolen property is not sufficient of itself to warrant a conviction for fraudulently receiving and concealing stolen property." There can be no question that this is a sound legal proposition. We quote from Hogan v. State, 104 S. W. (2d) 857: "The testimony goes no further than to show that appellant and Hoffelter were jointly in possession of the property that had been recently stolen from the prosecuting witness. Their unexplained possession of said recently stolen property might warrant a conviction for theft or burglary, but such possession alone does not sustain a conviction for fraudulently receiving and concealing said property. Marquez v. State, 126 Texas Crim. Rep. 132, 70 S. W. (2d) 426; Murphy v. State, 95 S. W. (2d) 133."

Again we quote from Murphy v. State, 95 S. W. (2d) 133: "The possession of recently stolen property or a part thereof will justify the conclusion that the possessor thereof committed the offense of theft, but does not justify the conclusion that he fraudulently received the stolen property knowing that it was stolen and thereafter concealed it. The unexplained possession of the motor, which was a part of the recently stolen property, alone might justify the conclusion that appellant stole the car, but would not justify the conclusion that he fraudulently received and concealed it. See Marquez v. State, 126 Texas Crim. Rep. 132, 70 S. W. (2d) 426."

Had the appellant been indicted for burglary of this store, it seems to us that the proof of his possession of any of the fruits of the burglary would have been sufficient to have upheld a judgment of conviction, but such testimony is not sufficient under the above line of cases to support a conviction for receiving and concealing such property. We note that the count charging the theft of such property was dismissed, but we also note that appellant was not herein charged with the burglary of such store, which would be a separate and distinct offense from that of the theft of such clothing.

Because of the insufficiency of the facts to show the crime charged and submitted to the jury, this judgment is reversed and the cause remanded.