### R. H. STUART V. THE STATE.

No. 20475. Delivered October 11, 1939.

The opinion states the case.

*F. Tom Walton* and *Lewis Fisher*, both of Houston, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The conviction is for receiving and concealing stolen property. The punishment assessed is confinement in the State penitentiary for a term of two years.

It appears from the record that in the latter part of the month of July, 1938, someone burglarized the home of Mr. L. L. Loggins in Houston, and took a diamond ring belonging to a Miss Cobb. On the 7th day of October following, officers armed with search warrants made a search of appellant's home. They found the ring which had been stolen from Miss Cobb, and then requested appellant to produce other stolen property, including a ring taken from the Nehause Home and a typewriter which had been stolen from a Mr. Crooker. Appellant's wife produced the ring as requested and appellant led the officers to the typewriter. A set of silverware was also found on appellant's premises. Appellant told the officers that he had purchased all of the property found in his possession. At the trial he did not testify, but produced his wife who testified substantially to the facts above stated.

At the conclusion of the testimony, appellant requested the court to instruct the jury to return a verdict of not guilty, which request was refused and to which action he promptly excepted. Appellant then requested that the court strike out all the testimony of Walter D. Nadel, the self-confessed thief of the ring, and declare a mistrial on the ground that Nadel was an incompetent witness, since he had been convicted of

a felony in 1923, prior to the 1927 amendment to the provision of the Code of Criminal Procedure, making convicts competent witnesses.

The court sustained the motion in part by striking out and withdrawing the testimony of Nadel from the jury, but declined to enter an order declaring a mistrial, to which an exception was taken. The court, in his qualification to this bill states that the first intimation he had that there would be any objection to said testimony was after the witness had testified fully on direct and had been cross-examined without objection; that it was only after the witness had given his testimony that counsel for appellant made a motion to strike it out, whereupon he orally instructed the jury not to consider it for any purpose.

When this testimony was withdrawn from the jury and no other of a similar nature and to the same effect was offered, the State failed to support the averments in the indictment. The burden rested upon the State to prove by competent evidence that Nadel stole the ring. That appellant received it from Nadel, knowing that he had acquired it by theft and that he, appellant, then concealed it. The fact that appellant was found in the possession of the alleged recently stolen property would be a circumstance tending to show that he was the thief, but not that he fraudulently received it knowing that it had been stolen. See Whatley v. State, 120 S. W. (2d), 1055; Murphy v. State, 95 S. W. (2d), 133.

Having reached the conclusion that the evidence is insufficient to support the conviction, the judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.