JAMES WRIGHT v. THE STATE.

No. 21152. Delivered June 19, 1940.
Rehearing Denied October 16, 1940.

The opinion states the case.

*Jerome J. Byrne,* of Lampasas, and *A. R. Eidson,* of Hamilton, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was charged with receiving and concealing stolen property, knowing same to have been stolen, and upon conviction received a penalty of two years.

There are no bills of exceptions, and the only proposition advanced as error is the failure of the facts to show the quantum of proof in order to uphold this verdict.

That the sheep in question was stolen from Mr. Conley is shown by the testimony of the two confessed thieves, and that appellant knew the same to have been stolen is also shown by them. They were accomplices, and so charged to be by the court, and it was also charged that their testimony of necessity had to be corroborated by other testimony, etc.

Appellant took the stand and testified that he was engaged in the business of selling and trading, and that he bought this sheep from these witnesses, Lee and Singleton, without any knowledge upon his part that same had been stolen. That he sold this sheep, among others, in good faith, not knowing same to have been stolen. There was no other fact connecting nor tending to connect him with a guilty knowledge of the theft of this sheep other than its possession, save the fact that both of these accomplices testified that appellant told them to steal some sheep and bring them to him and he would pay for them. Each accomplice corroborated the other, but such is not sufficient. See

Branch's P. C., Sec. 718, p. 367, as a corroboration of the testimony of either.

The possession of recently stolen property has been held to be a sufficient circumstance to show the theft of same by the possessor, nevertheless it has also been held that such possession is not sufficient to show that such property was received from the thief and concealed, knowing the same to have been stolen. We quote from Hagan v. State, 104 S. W. (2d) 857: "The testimony goes no further than to show that appellant and Hoffelter were jointly in possession of the property that had been recently stolen from the prosecuting witness. Their unexplained possession of said recently stolen property might warrant a conviction for theft or burglary, but such possession alone does not sustain a conviction for fraudulently receiving and concealing said property. Marquez v. State, 126 Tex. Cr. R. 132, 70 S. W. (2d) 426; Murphy v. State, 95 S. W. (2d) 133."

Again we quote from Marquez v. State, 70 S. W. (2d) 426: "In the case of Castleberry v. State, 35 Tex. Cr. R. 382, 33 S. W. 875, 60 Am. St. Rep. 53, this court, speaking through Judge Davidson, said: 'Will the bare fact that the accused received the stolen property be sufficient proof, standing alone, that he knew the property was stolen when he received it? It will not. * * * Each case must depend upon its own facts. But we do hold that the bare fact of receiving stolen goods is not sufficient to show guilty knowledge.' "

Appellant proved by many witnesses a good reputation for honesty and fair dealing, and also for truth and veracity.

It was also shown that the two confessed takers of this sheep failed to implicate appellant until they found out that he had told the officers that he purchased this sheep, among others, from them in good faith.

We do not think there is shown any testimony, outside that of the accomplices, tending to connect this appellant with the theft of this sheep.

The judgment is therefore reversed and the cause remanded.

ON STATE'S MOTION FOR REHEARING.

CHRISTIAN, Judge.

After a careful re-examination of the record in the light of the State's motion for rehearing, we are constrained to adhere to the conclusion expressed in the original opinion.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.