## JIM HODGES v. THE STATE.

No. 21763. Delivered February 4, 1942.
Rehearing Granted March 25, 1942.

574

The opinion states the case.

E. T. Miller, of Amarillo, and Willis & Via, of Pampa, for appellant.

Bud Martin, District Attorney, and Sturgeon & Sturgeon, all of Pampa, and Spurgeon E. Bell, State's Attorney, of Austin, for the State.

GRAVES, Judge.

This is the second appeal of this cause, the former appeal being found in 132 S. W. (2d) 863, 137 Tex. Cr. Rep. 527, to which opinion we refer for a statement of the facts.

In this instance the jury, upon a conviction for receiving and concealing stolen property, awarded appellant a penalty of three and one-half years in the penitentiary.

The facts herein are substantially the same as proven in the former trial, and which we therein held to be sufficient, and we are of the same opinion as to their sufficiency, and therefore overrule the bill of exceptions relative to the trial court's refusal to give an instructed verdict.

The testimony of the accomplice was that appellant had some kind of an agreement with certain persons that they were to do some kind of stealing, and he would purchase from them the fruits of their crime; that they did such, and he purchased from them two typewriters, an adding machine and a calculator. True it is, the only one of these two witnesses who testified was an accomplice, and was charged to be such by the court, and his testimony of a necessity demanded corroboration, as does all accomplice testimony, but such corroboration need only tend to connect appellant with such offense, and should not of a necessity in itself be sufficient to uphold a conviction. If such latter proposition were true there would be no use whatever for accomplice testimony, there being enough without the same to insure a conviction.

The accomplice witness placed, among other things, a long carriage Underwood typewriter in the office of appellant, and stated that such was part of the stolen property; a further witness, upon whom there was no taint of accompliceship, testified that he frequently used such typewriter while same was in appellant's office, and the true owner of such typewriter identified the same as having been stolen from his possession at the time testified to by the accomplice. This typewriter, together with a Monroe calculator, was found in the possession of Mr. Searle, who testified that both such machines were given to him by appellant. As suggested in our former opinion herein, the trial court in this case submitted to the jury the question of the accompliceship of Mr. Searle, and told them that if they found him to be such an accomplice, then there was a necessity that his testimony should be corroborated, and that one accomplice could not corroborate another, etc.

We are again in accord with the line of cases which hold that the unexplained possession of recently stolen property, although sufficient to establish the guilt of the theft, is not sufficient standing alone to establish the guilt of knowingly receiving and concealing the same. We do not agree with the application of such doctrine in the instant case. We have the testimony of the accomplice which goes much further and shows, upon the part of appellant, knowledge of the acquisi-

tion of such property by means of theft, as well as the possession thereof by appellant. The uncorroborated testimony of the accomplice would not be sufficient to authorize a conviction, nor would the unexplained possession of recently stolen property alone be thus sufficient; but that does not mean that these two propositions should be discarded because of the insufficiency of either to measure up to the standard demanded by law. They can both be used as some component parts of the whole that go to make up the conclusion that is evidenced by the verdict of the jury.

We do not think it was demanded that the jury should have been instructed that it was necessary for them to find that all the articles charged to have been received by appellant in the indictment were actually received by him before they could convict him.

It is insisted that since the State charged in the indictment that appellant received and concealed two typewriters and a calculator, and an adding machine, all of the total value of $400.00, and that there were only one typewriter and the calculator found in Searle's possession, then that the State wholly failed to prove all the allegations laid in the indictment, and an instructed verdict should have been given. Appellant may have overlooked the testimony of the alleged taker of the stolen goods who testified that all of such alleged articles were sold to appellant for $10.00 each, $30.00 paid at the time of delivery, and $10.00 to be paid later. We observe as corroborative of this accomplice the testimony of Mr. Searle, and also that of the witness who used this identical typewriter in appellant's office, as well as a further witness who testified to appellant moving the long carriage typewriter at a time when appellant was changing his office, thus showing him in manual possession of the typewriter alleged to have been stolen.

We do not think it was incumbent on the State to show the receipt and concealment of all the alleged stolen articles by other testimony than that of the accomplice, there being other testimony than that of the accomplice showing the receipt of two of said machines, which the witness Atchison said were of the market value of $130.00, thus evidencing proof on the part of the State of a felony.

We think the case of Kluting v. State, 232 S. W. 305, authority for the proposition that if a sufficient amount of

property in value is proven to have been received by the accused to make same a felony, the part alleged above the proven amount becomes immaterial. We quote therefrom:

"(Appellant contends) that there was a fatal variance between the quantity and description of the property in the indictment, and that shown by the proof * * * The officers who arrested appellant testified that the saw Qualls deliver the cases of hosiery to him, and that same were taken from his possession, which is corroboration, and the proof showed the identification of a sufficient amount of the property alleged to have been taken to make same a felony."

In writing hereon as requested, we have endeavored to follow appellant's brief rather than the bills of exceptions in the record, and it follows from what we have said that we find no error in the record, and the judgment is therefore affirmed.

ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

A point is stressed in appellant's motion for rehearing which we conclude presents an error demanding a reversal. The record shows that an original brief for appellant was filed in this court on November 26, 1941. What may be denominated a supplemental brief—although bearing no endorsement indicating what it might be—was filed on December 3, 1941. The question presenting error was stressed in said supplemental brief, but was entirely overlooked and not mentioned in our original opinion, said supplemental brief possibly escaping our attention altogether.

The indictment charges appellant with receiving and concealing two Underwood typewriters, one Burroughs adding machine and one Moore calculating machine. Upon the trial the State produced in court the Monroe calculating machine and one long carriage Underwood typewriter, and introduced evidence as to their value. No evidence is found in the record regarding the value of the other typewriter or the adding machine, so they pass out of the case insofar as the question at issue is concerned.

The State's witnesses testified that the two articles in court had a market value, and that the value was more than fifty

dollars. The witnesses for appellant just as positively testified that said two articles had no market value, and that their replacement value was less than fifty dollars. Thus an issue was clearly raised upon which the case turned as to whether appellant, if guilty, should be punished for a felony or a misdemeanor. The court realized that the question of misdemeanor punishment had been raised, but the only instruction upon the subject was to the effect that if the jury had a reasonable doubt as to whether the property received by appellant was of less "value" than fifty dollars to assess his punishment as for misdemeanor. Nothing was said by the court as to the cash market value, nor as to replacement value. Appellant requested a number of special charges which would have informed the jury that the standard by which they were to ascertain the value of the property was its market value—defining same— but if the property had no market value then the standard was the replacement value—defining it—and also that if the jury had a reasonable doubt as to whether the property had a market value then they would measure the value by the replacement value of said property; and that if the jury should find the standard of value to be the replacement value, and that such latter value was less than fifty dollars, then appellant should not be convicted of felony theft. These charges were all refused.

It is clear that if the jury had accepted the evidence of appellant's witnesses that the property had no market value they were left entirely without information as to the law controlling the subject.

Either the charges requested should have been given or others of similar import, advising the jury as to the law by which they were to be governed. See Smith v. State, 97 Tex. Cr. R. 656, 263 S. W. 918 and cases therein cited, among them being Martinez v. State, 16 Tex. Cr. App. 122, which seems much in point; Holmes v. State, 126 Tex. Cr. R. 587, 72 S. W. (2d) 1092; McKnight v. State, 134 Tex. Cr. R. 373, 115 S. W. (2d) 636.

The motion for rehearing is granted, the order of affirmance is set aside, and the judgment of the trial court is now reversed and the cause remanded.