JACK LEMUEL V. STATE.

No. 25175. February 28, 1951.
Rehearing Denied April 11, 1951.

*Boling, Smith & Allen,* by *S. P. Boling,* Lubbock, for appelant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is the sale of beer in a dry area; the punishment, a fine of $400.

The city marshal of the city of Lorenzo apprehended appellant in front of his (appellant's) house in said city after he handed a Mr. Bird a paper sack containing three cans of beer. The marshal testified that immediately after he took the beer from Bird he turned to appellant and demanded the money

which he had seen Bird give him upon receiving the beer. Whereupon, the appellant handed the officer two dollars.

Appellant and Bird testified that the beer belonged to Bird and that appellant had been cooling it for him. Appellant denied that Bird had given him the money, and stated that he merely gave the officer what money he had in his pocket in response to the demand.

Appellant comes to this court with five bills of exception, each of which complain of the refusal of the trial court to give an identical special charge containing nine numbered paragraphs. Appellant prefaces each bill of exception with a statement as to the purpose of the bill. Nowhere in the transcript do we find any objections or exceptions to the court's charge. In a misdemeanor case it is incumbent upon appellant to come before this court with both objections and exceptions to the charge and a requested charge or charges. Cases cited under Notes 105 and 110 of Art. 666, C. C. P.

It will be noted that appellant's affirmative defense was submitted by the court when he granted appellant's specially requested charge No. 2.

No reversible error appearing, the judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING.

WOODLEY, Judge.

Objections addressed to the court's charge which were not in the record when the original opinion herein was delivered are now before us.

The instrument filed does not, however, show that such objections were called to the court's attention or that the court ruled upon the objections to the charge.

In the absence of a showing in the record over the signature of the judge that the objections were timely presented and overruled and that appellant excepted to such ruling, we are unable to agree that appellant "excepted" to the charge given in addition to requesting special charges.

Being a misdemeanor case, it was incumbent upon appellant to reserve timely exceptions to the charge given as well as to

request the giving of a properly prepared charge on the subject. See Crispi v. State, 90 Tex. Cr. R. 621, 237 S.W. 263; 4 Tex. Jur. 75, Sec. 47.

The case having been properly disposed of on original submission, appellant's motion for rehearing is overruled.

Opinion approved by the court.