William Henry MILLER, Appellant,

v.

The STATE of Texas, Appellee.

No. 39257.

Court of Criminal Appeals of Texas.

Feb. 23, 1966.

**348**

Mike Barclay (On appeal only), Dallas, for appellant.

Henry Wade, Dist. Atty., James B. Zimmermann, James H. Miller and W. John Allison, Jr., Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

The offense is the breaking and entry of a coin operated machine with intent to commit the crime of theft (Art. 1402a Vernon's Ann.P.C.); the punishment, 3 years.

The statement of facts reveals the following.

Police officers McWhorter and Ford, assigned to foot patrol duties, checked the building housing Rex's Ranch House, a cafe and beer tavern in which Sidney Julius, the prosecuting witness, had a music machine, a coin operated pool table and a coin operated pinball machine which belonged to him.

Between 2:30 and 3 A.M. they saw nothing of an unusual nature. The front door was locked; the curtains or drapes over the plate glass window were open and the lights were on.

When they next checked, about 4 A.M., the curtains were closed and when they went to the door, which was still locked, they saw three men in the room.

Appellant was standing behind the pool table. His brother Charles was beside him. The third man was Haywood, the manager of the business, who was standing to one side.

As Officer McWhorter was calling to the men inside the building to open the door, appellant and his brother were crawling on their stomachs out of the room toward the kitchen. Haywood walked in the same direction but then came to the door and opened it so that Officer McWhorter could enter.

Officer Ford intercepted appellant and his brother as they came out the back door.

Having returned the two men to the room, the officers noticed that the locking part of the pool table had been pried open and torn from its hinges and the lock guard on the front of the coin box to the juke box, or music machine, had been pried off and was lying on the floor.

In the room where appellant was seen to crawl there was a screwdriver and some silver money underneath a counter. A pasteboard box containing quite a bit of change, a pistol and some keys, was found in the same room.

In a plastic litter bag found in the glove compartment of an automobile belonging to appellant's brother, which was parked some 100 feet from the cafe, some silver money was found.

It was shown that Julius owned the coin operated machines and the money in them and that neither appellant, his brother nor Haywood had authority or permission to break the boxes or take money therefrom.

■ Appellant contends that the trial court erred in admitting the evidence obtained as the result of the search of the automobile.

The evidence is deemed sufficient to show probable cause for the arrest of appellant and of his brother, and for the incident search of the automobile.

Appellant complains that the court failed to charge on circumstantial evidence.

■ In the absence of an exception, over the signature of the trial judge, the error was not preserved for our review under the law applicable at the time notice of appeal was given. Washington v. State, Tex.Cr.App., 400 S.W.2d 756, and cases

cited; Smith v. State, 172 Tex.Cr.R. 78, 353 S.W.2d 854; Lemuel v. State, 155 Tex. Cr.R. 614, 237 S.W.2d 982.

 The evidence is sufficient to sustain the jury's finding and we find no reversible error.

The judgment is affirmed.