**Johnny PASSMORE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 40112.**

Court of Criminal Appeals of Texas.

March 1, 1967.

Joseph H. Pool, Amarillo, for appellant.

William Hunter, Dist. Atty., Dalhart, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The offense is receiving and concealing stolen property; the punishment, 2 years.

The indictment alleged that appellant did unlawfully and fraudulently receive from Ned H. Coffee and did fraudulently conceal certain corporeal personal property, to-wit: "4 tires and wheels and 4 batteries," the same being the property of Carl Griffith and being of the value of $400.00, knowing same to have been stolen.

The sufficiency of the evidence to sustain the conviction was challenged in the trial court by appellant's brief.

The only evidence as to the value of the property is that shown by the following testimony of the owner, Carl Griffith:

"Q. Now, did you give Ned Coffee or anyone else permission to take any of these items of property?

"A. I did not.

"Q. Mr. Griffith, at the time, were you familiar with the value of these items that you have described?

"A. Yes, sir.

"Q. And would those items have had an aggregate value of more than Four Hundred Dollars?

"A. Yes, sir."

Under the court's charge the jury was not authorized to find appellant guilty unless they found beyond a reasonable doubt that he received from Ned H. Coffee "four tires and wheels and four batteries as alleged in the indictment," and that said property "was then and there of the value of $400.00."

This charge was consistent with the rule that, if the indictment alleges the aggregate value and not the value of each article, and the property is not necessarily of uniform value, the proof must

show a theft of all the property so alleged. 5 Branch's Ann.P.C.2d Ed. p. 121, Sec. 2674, and cases cited.

There is ample evidence that Coffee stole the property described in the indictment and brought it to the wrecking yard of appellant, where he was employed. There is no evidence to sustain a finding that appellant received from Coffee all such property.

 The state urges that appellant was shown to have received the four tires which were found on his truck, and that the receipt of the whole of the property stolen at the same time may be inferred from his possession of the tires.

In overruling a similar contention this Court, in Murphy v. State, 130 Tex.Cr. R. 610, 95 S.W.2d 133, said:

"The possession of recently stolen property *or a part thereof* will justify the conclusion that the possessor thereof committed the offense of theft, but does not justify the conclusion that he fraudulently received the stolen property knowing that it was stolen and thereafter concealed it. The unexplained possession of the motor, which was a *part* of the recently stolen property, alone might justify the conclusion that appellant stole the car, but would not justify the conclusion that he fraudulently received and concealed it. See Marquez v. State, 126 Tex.Cr.R. 132, 70 S.W.2d 426." (Emphasis supplied.)

In Hodges v. State, 143 Tex.Cr.R. 573, 160 S.W.2d 262, and Robinson v. State, 141 Tex.Cr.R. 380, 148 S.W.2d 1115, cited by the state, accomplice witnesses testified that all of the stolen property was delivered to or received by the defendant.

In Kluting v. State, 90 Tex.Cr.R. 44, 232 S.W. 305, cited by the state, receipt of all of the property described in the indictment for receiving stolen property was proved, and though this is not disclosed by the opinion, the value of each pair of hosiery and each box of hosiery, as well as the aggregate value of the stolen property was alleged in the indictment.

 We have grave doubt as to the sufficiency of the evidence to sustain a finding that appellant received from Coffee the batteries and wheels that were found in his wrecking yard, to which Coffee had access as his employee. Be this as it may, there is no evidence that appellant received all of the property described in the indictment as being of the aggregate value of $400.00, there being affirmative evidence that one of the stolen wheels was not found on appellant's premises or in his possession.

The judgment is reversed and the cause remanded.