Harold JACKSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 43493.

Court of Criminal Appeals of Texas.

March 10, 1971.

Walter D. Snider, Hurst, Court appointed, for appellant.

Frank Coffey, Dist. Atty., George McManus, Truman Power and R. W. Crampton, Asst. Dist. Attys., Fort Worth, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from an order revoking probation.

The record reflects that on January 17, 1967, the appellant waived trial by jury and entered a plea of guilty before the court to an indictment charging burglary. His punishment was assessed at 6 years. However, the imposition of sentence was suspended and the appellant was placed on probation subject to certain conditions and terms among which are found the requirements that he

"(a) Commit no offense against the laws of this State or any other State or the United States;

"(b) * * *

"(c) Avoid persons and places of disreputable or harmful character. * * "

On October 27, 1969, the State filed its first motion to revoke probation. This was followed by two subsequent motions filed on February 9 and February 20, 1970, respectively. On March 3, 1970, a fourth motion to revoke probation was filed by the State. This motion entitled a "second amended petition" alleged that on or about September 30, 1969, the appellant had "unlawfully received from a person or persons unknown, and did fraudulently conceal certain property, to wit: five men's suits," the property of Thomas Barnett, which was over the value of $50.00. Such motion also alleged that on or about September 30, 1969, the appellant "was in the company"

of one Clyde McKnight, a person of disreputable and harmful character, in violation of probationary condition (c) set out above.

It was upon this fourth motion to revoke probation that a hearing was conducted on March 23, 1970. Following such hearing the court revoked probation and sentence was imposed.

The order revoking probation recites in part:

"The defendant has committed another offense against the laws of the State, to wit: Receiving and Concealing Stolen Property of the Value of $50.00 or Over. And, the defendant has been in the company of a person of disreputable and harmful character, *on* September 30th, 1969, in Tarrant County, Texas. The offense of Receiving and Concealing Stolen Property of the Value of $50.00 or Over occurred on September 30th, 1969, in Tarrant County, Texas." (emphasis supplied)

The appellant contends the trial court abused its discretion since the evidence is insufficient to support the order of revocation.

The evidence reflects that on the night of September 30, 1969, the Neiman-Marcus store of Ft. Worth was burglarized and approximately 100 to 150 men's suits were taken without the consent of Thomas Barnett, the Vice-President who had the care, custody and control of the "house" in question and the property therein. Each suit was shown to have a value of $75.00 or more. There were no eye witnesses and no one knew just when during the night the offense occurred.

Acting on an informer's tip Ft. Worth police "staked out" a location in west Ft. Worth in the early evening hours of October 2, 1969. There they observed one Clyde McKnight, known to one of the officers as a person of disreputable and harmful character. He was in or near an automobile. Shortly thereafter two automobiles, a tan Ford and a maroon Pontiac

stopped near McKnight's location. After a brief conversation the tan Ford drove away, and the appellant emerged from the Pontiac and raised its hood. The officers then approached McKnight and the appellant and as they did they observed a large number of men's suits in the back seat of the Pontiac partially covered with a newspaper. The appellant was arrested and a search of the trunk at the police station also revealed more men's suits. All of the suits bore Neiman-Marcus price tags. The suits recovered were identified as those taken from the Neiman-Marcus store in Ft. Worth. The Pontiac automobile was shown to belong to the appellant's brother.

Appellant urges that the burden of proof in a hearing to revoke probation is upon the State to prove the allegations of its motion (Zane v. State, Tex.Cr.App., 420 S.W.2d 953; Campbell v. State, Tex.Cr. App., 456 S.W.2d 918, 922), and that proof offered does not show that appellant unlawfully received and concealed stolen property as alleged.

Appellant recognizes the rule that where a burglary or theft is committed by someone the unexplained possession of recently stolen property taken in the burglary or theft by the accused is sufficient to warrant an inference or presumption of guilt and to sustain a conviction for burglary or theft. He contends, however, that the rule has no application to the offense of receiving and concealing stolen property.

Article 1430, Vernon's Ann.P.C., provides:

"Whoever shall receive or conceal property which has been acquired by another in such manner as that the acquisition comes within the meaning of the term theft, knowing the same to have been so acquired, shall be punished in the same manner as if he had stolen the property."

In 49 Tex.Jur.2d, Receiving Stolen Goods, Sec. 2, p. 255, is written:

"Theft is not the same offense as receiving or concealing stolen property.

The constituents of the two crimes are as essentially different as are those of theft and embezzlement. In theft, there is a fraudulent taking of the property of another, without his consent and with intent to deprive him of the value thereof, and to appropriate it to the use and the benefit of the person so taking. The offense of receiving stolen property consists in receiving property which has been already taken from the owner in such manner as to constitute theft, knowing it to have been so acquired. A theft must be perfected before the crime of receiving stolen property can be perpetrated, and the receiver must be a person other than the thief." "To warrant a conviction for knowingly receiving or concealing stolen property, the evidence must show (1) that the property was stolen property and (2) that the defendant received or concealed such property with knowledge that it had been stolen." 5 Branch's Ann.P.C., 2d ed., Sec. 2724, p. 168.

And it is well established that "[t]he bare possession of stolen goods is insufficient to show knowledge that the property was stolen." 5 Branch's Ann.P.C., 2d ed., Sec. 2723, p. 166; Hagan v. State, 132 Tex.Cr.R. 338, 104 S.W.2d 857; Whatley v. State, 135 Tex.Cr.R. 432, 120 S.W.2d 1055.

In Murphy v. State, 130 Tex.Cr.R. 610, 95 S.W.2d 133, this court said:

"The possession of recently stolen property or a part thereof will justify the conclusion that the possessor thereof committed the offense of theft, but does not justify the conclusion that he fraudulently received the stolen property knowing that it was stolen and thereafter concealed it. The unexplained possession of the motor, which was a part

of the recently stolen property, alone might justify the conclusion that appellant stole the car, but would not justify the conclusion that he fraudulently received and concealed it. See Marquez v. State, 126 Tex.Cr.R. 132, 70 S.W.2d 426." See also 49 Tex.Jur.2d, Receiving Stolen Goods, Sec. 45, p. 303.

Murphy was quoted with approval in the relatively recent case of Passmore v. State, Tex.Cr.App., 411 S.W.2d 723.

It is thus clear that the unexplained possession of recently stolen property will not justify the conclusion that the accused fraudulently received and concealed it "unless it was coupled with other significant circumstances." 49 Tex.Jur.2d, Receiving Stolen Goods, Sec. 45, 303–304. We have not found in the record any probative evidence which would constitute "other significant circumstances." The testimony reflects only that appellant was arrested while driving his brother's car in which were found the suits stolen from Neiman-Marcus, and while talking to a Clyde McKnight who was later released and not charged. While the circumstances are incriminating and at least raise a suspicion, they do not of themselves establish the chosen allegation in the State's motion to revoke.

Therefore, we cannot conclude the evidence is sufficient to support the court's *specific* finding that the appellant violated his probationary conditions by committing the offense of receiving and concealing stolen property.[1]

Likewise, we cannot conclude the evidence is sufficient to reflect that appellant violated the condition of probation that he "avoid persons * * * of disreputable or harmful character." The State alleged

[1]. The record before us does not reveal just why the State abandoned the earlier motions to revoke probation, one of which alleged the burglary involved as the basis for revocation and another which alleged the felony theft of the men's suits involved.

At no time during the hearing did the State move to amend its motion to revoke. See Tate v. State, Tex.Cr.App., 365 S.W.2d 789. And in view of the trial judge's findings based on the State's written motion it is clear that we are not confronted with the question of the authority of the

this condition was violated by being in the company of Clyde McKnight on or about September 30, 1969, and the court *specifically* found such violation occurred on that date. Assuming the evidence is sufficient to show that McKnight was a person of disreputable or harmful character, the record does not reflect that the appellant knew McKnight bore such reputation, or that before the night of October 2, 1969, the two had ever seen each other. It would be difficult to conclude that the brief conversation the two had before the officers arrived would constitute a violation of probationary condition involved under the circumstances presented.

"While there is no right to either the court's or the jury's grace, once granted, probation should not be arbitrarily withdrawn by the court and the court is not authorized to revoke without a showing that the probationer had violated a condition of his probation." Campbell v. State, Tex.Cr.App., 456 S.W.2d 918, 922.

Finding that the court abused its discretion, the judgment is reversed and remanded.

trial judge to revoke probation on his own motion upon grounds supported by evidence at the hearing but not alleged in the motion to revoke probation where the hearing is conducted within the time

limitation of the probationary period. Cf. McBee v. State, 166 Tex.Cr.R. 562, 316 S.W.2d 748; Williams v. State, 157 Tex.Cr.R. 25, 245 S.W.2d 493.