**Jim Ira MILLER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 47718.**

Court of Criminal Appeals of Texas.

March 27, 1974.

**204**

Foreman & DeGuerin (On appeal Only),
Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell
and Warren White, Asst. Dist. Atty.,
Houston, Jim D. Vollers, State's Atty., and
Buddy Stevens, Asst. State's Atty., Austin,
for the State.

## OPINION

ONION, Presiding Judge.

This appeal stems from a conviction for receiving and concealing stolen property wherein the punishment was assessed at five (5) years.

The indictment charged the appellant and his wife with receiving and concealing a diamond brooch of the value of over $50 belonging to Elizabeth Nicklos.

In four grounds of error the appellant challenges the sufficiency of the evidence to corroborate the testimony of the accomplice witnesses.

The record reflects that on the morning of December 13, 1971, Elizabeth Nicklos was robbed at gunpoint by four intruders at her residence located in Harris County. Jewelry, paintings, furs, china and other items were taken during the robbery, including a diamond brooch valued at approximately $5,000.

On December 16, 1971, John McNelly, Thomas Davis and James Cullum, agents for the Organized Crime Unit of the Texas Department of Public Safety, executed a search warrant at the appellant's apartment located at 3601 Hollister in Houston. Upon entering the apartment, the appellant was observed alighting from the bathroom.

A search was conducted and the diamond brooch belonging to Mrs. Nicklos was found wrapped in a napkin and secreted underneath a floor mat in the bathroom.

Anthony Cipolla and David Benoit testified and admitted that they, along with Ernest Lombard and Melisio (Sonny) Martinez, committed the robbery and took the jewelry to a room at the Rodeway Inn Motel [1] in Houston. Shortly thereafter, Cipolla telephoned appellant, informed him of the robbery, and requested him to "come over and take a look at the merchandise."

---

1. Also referred to in the record as the Road Runner Motel on the Katy Freeway.

Later on the same date, the appellant arrived at the motel and evaluated the diamonds. Failing to bring any money on the first trip, the appellant left and later returned with a partial payment and took possession of the stolen jewelry from Lombard. Benoit also testified he informed the appellant that the diamond brooch was stolen and that appellant eventually paid $2,600 for the same with a promise of 50 percent of any profit made on the sale of the brooch.

Appellant called several witnesses in his behalf, who all testified that, although the appellant did not maintain an established place of business, he was continually in the business of buying and selling for a profit various items, including jewelry.

Testifying in his own behalf, the appellant stated that he knew Cipolla and Benoit, as they were neighbors in the same apartment complex where he lived, and that he believed them to be reputable persons. The appellant also testified that on December 13, 1971, he received a call from Cipolla to play in a poker game. Accompanied by his wife, the appellant went to the motel room, where he found Cipolla and Benoit together with other persons. Upon their arrival, the appellant testified that Cipolla offered to sell him the brooch in question for $1,500. After declining the offer, the appellant loaned Cipolla $500 for a "stake" in a poker game about to begin, with the brooch serving as collateral.

During his testimony, the appellant admitted that the brooch was recovered in the search of his apartment, but denied that it was wrapped in a napkin and concealed in the bathroom under a floor mat.

The trial court instructed the jury that Cipolla and Benoit were accomplice witnesses as a matter of law, and further instructed the jury their testimony must be corroborated.

All four of appellant's grounds of error relate to the sufficiency of the evidence, it being his principal claim the evidence is insufficient to corroborate the testimony of the accomplice witnesses and further because of the nature of the offense insufficient to show that he knew the property in question was stolen.

Article 38.14, Vernon's Ann.C.C.P., provides:

"A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense."

As this court stated in Edwards v. State, 427 S.W.2d 629 (Tex.Cr.App.1968):

"The test as to the sufficiency of the corroboration is to eliminate from consideration of the evidence of the accomplice witness and then to examine the evidence of other witnesses with the view to ascertain if there be inculpatory evidence, that is evidence of incriminating character which tends to connect the defendant with the commission of the offense. If there is such evidence, the corroboration is sufficient; otherwise, it is not."

"The law forbidding a conviction upon the uncorroborated testimony of an accomplice does not demand that there be direct evidence pointing to the accused as the offender, but merely requires that there be 'other evidence tending to connect the defendant with the offense committed.' . . . Circumstances proved by credible witnesses may be as potent as direct testimony in tending to connect the accused with the commission of the offense." Minor v. State, 108 Tex.Cr.R. 1, 299 S.W. 422 (1927).

The appellant was charged with the offense of receiving stolen property under Article 1430, Vernon's Ann.P.C., which provides that, "Whoever shall receive or conceal property which has been acquired by another in such manner as that the acquisition comes within the meaning of the

term theft, knowing the same to have been so acquired, shall be punished in the same manner as if he had stolen the property."

■ An essential element of the crime of receiving or the crime of concealing stolen property is knowledge on the part of the accused that the property received or concealed by him is stolen. See 5 Branch's Ann.P.C., 2d ed. Sec. 2724, p. 168; Jackson v. State, 464 S.W.2d 153 (Tex.Cr.App. 1971); 49 Tex.Jur.2d, Receiving Stolen Goods, Sec. 2, p. 255.

■ Further, it is essential that the "thief must be corroborated both as to the theft and the receiving and concealing by the accused from the thief, with knowledge that the property was stolen." Hall v. State, 373 S.W.2d 252 (Tex.Cr.App.1963).

In Murphy v. State, 130 Tex.Cr.R. 610, 95 S.W.2d 133 (1936), this court wrote:

"The possession of recently stolen property or a part thereof will justify the conclusion that the possessor thereof committed the offense of theft, but does not justify the conclusion that he fraudulently received the stolen property knowing that it was stolen and thereafter concealed it. The unexplained possession of the motor, which was a part of the recently stolen property, alone might justify the conclusion that appellant stole the car, but would not justify the conclusion that he fraudulently received and concealed it. See Marquez v. State, 126 Tex.Cr.R. 132, 70 S.W.2d 426." See also Passmore v. State, 411 S.W.2d 723 (Tex.Cr.App.1967).

In *Hall*, relied upon by appellant, it was established that the appellant had the missing merchandise in his possession. However, there was no evidence to corroborate the accomplice's testimony that the defendant Hall knew the camera was stolen, especially since the item was on open display at the defendant's store. Under those circumstances, this court found the evidence in *Hall* to be insufficient.

■ In the instant case the appellant was arrested while possessing, without explanation, recently stolen property. While this alone is not sufficient to show that he knew the brooch was stolen, Hochman v. State, 146 Tex.Cr.R. 23, 170 S.W.2d 756 (1943), it is a circumstance which must be coupled with other significant circumstances to justify an inference of knowledge that the property was stolen. See Bradshaw v. State, 482 S.W.2d 233 (Tex. Cr.App.1972).

The unexplained possession of recently stolen property when coupled with appellant's clandestine concealment of the brooch wrapped in the paper napkin underneath the floor mat in the bathroom amply furnishes sufficient evidence to corroborate the testimony of the accomplice witnesses and to show that he knew the property to be stolen. See Clark v. State, 445 S.W.2d 516 (Tex.Cr.App.1969); Hodges v. State, 143 Tex.Cr.R. 573, 160 S.W.2d 262 (1942).

The judgment is affirmed.